**GOVERNMENT OF the VIRGIN ISLANDS, Plaintiff,**

v.

**Bruce FOSTER, Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**Bruce FOSTER, Defendant.**

**Crim. A. Nos. 89–120, 89–122.**

District Court, Virgin Islands, D. St. Croix.

April 5, 1990.

Linwood C. Wright, Asst. U.S. Atty., U.S. V.I., for plaintiff.

Russell B. Johnson, Christiansted, St. Croix, U.S. V.I., for defendant.

## SENTENCING MEMORANDUM

HUYETT, District Judge, Sitting by Designation.

On March 21, 1990, I sentenced defendant Bruce Foster to a general sentence of fifteen years with a fine of $250,000 under Count I of criminal information 89–120 charging defendant with trafficking in cocaine under the Virgin Islands Code and under the single count of criminal information 89–122 charging defendant with possession of a controlled substance with intent to distribute under the United States Code. In addition, I sentenced defendant to a term of three years probation for possession of stolen property under the information brought by the Virgin Islands government. Reviewing the applicable case law and the sentencing schemes under both criminal codes, I concluded that I had little discretion in imposing this sentence. I write now to explain my reasons for the sentence imposed upon this defendant.

### I.

Acting upon information that looted property could be found on the premises and with a valid search warrant, the Federal Bureau of Investigation ("FBI") searched defendant's home shortly after Hurricane Hugo. During the course of this search the FBI discovered allegedly stolen tools in defendant's home as well as a shoebox containing over 200 grams of cocaine in defendant's closet. Defendant was placed under arrest.

Under criminal information number 89–120, defendant was charged by the Government of the Virgin Islands with trafficking in cocaine (Count 1), in violation of 19 V.I.C. § 614a(a)(3), and possession of stolen property (Count 3), in violation of 14 V.I.C. § 2101(a).[1] In addition, defendant was charged in a separate information by the United States of America with one count of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Defendant was released on bail pending trial.

At trial, defendant claimed that he found the stolen tools after the hurricane. He further testified that a friend gave him the shoebox containing the cocaine to hold for safe-keeping, and that he was unaware of the contents of the box. In fact, defendant stated that he forgot about the box after he placed it on a shelf in his closet.

The jury found defendant guilty of all charges on January 25, 1990. Upon motion of the Government, I revoked bail and confined defendant pending sentencing.

At sentencing, defendant argued that he should be sentenced under the federal sentencing guidelines because 19 V.I.C. § 614a(a)(3) is a lesser included offense of 21 U.S.C. § 841(a)(1). Defendant claimed that because the federal offense subsumes the territorial offense the federal sentencing guidelines, not the local mandatory minimum penalty, control. On March 21, 1990, I found this argument to be without merit and sentenced defendant to a general term of imprisonment of fifteen years under both the federal information and Count 1 of the information brought by the Government of the Virgin Islands. In addition, I imposed a fine of $250,000. In respect to the conviction for possession of stolen property in violation of the Virgin Islands Code, I suspended defendant's sen-

---

**1.** The second count of this information charged defendant with a weapons offense which was subsequently dismissed.

tence, and imposed a period of three years probation.[2] Thereafter, defendant moved for bail pending appeal. I denied this motion.

## II.

■ The Double Jeopardy Clause prevents a person from being twice tried or punished for the same offense. U.S. Const.Amend. 5; *see also Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Notwithstanding this general principle of constitutional law, the Double Jeopardy Clause is not offended when an individual is tried and convicted under the criminal code of the United States and a State's criminal code for the same offense. *United States v. Wheeler*, 435 U.S. 313, 316–17, 320, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). However, when the second criminal code is that of a Territory, instead of a State, the Double Jeopardy Clause is violated by the imposition of more than one sentence for the "same offense." *See Government of the Virgin Islands v. Brathwaite*, 782 F.2d 399, 406–07 (3d Cir. 1986); *Government of the Virgin Islands v. Dowling*, 633 F.2d 660, 668–71 (3d Cir.), *cert. denied*, 449 U.S. 960, 101 S.Ct. 374, 66 L.Ed.2d 228 (1980); *see also United States v. Jones*, 527 F.2d 817, 820–21 (D.C.Cir. 1975) (a defendant whose acts constitute violations of both federal and District of Columbia law can properly be subject to one trial in federal district court; however, if the federal and local offense are identical or where one would be a lesser included offense of the other, a defendant may only be sentenced under one statutory scheme).[3]

A Territory, like the Virgin Islands, lacks independent sovereignty and derives its governmental powers directly from congressional grant. U.S. Const., art. IV, § 3.

[A] territorial government is entirely the creation of Congress, "and its judicial tribunals exert all their powers by authority of the United States." When a territorial government enacts and enforces criminal laws to govern its inhabitants, it is not acting as an independent political community like a State, but as "an agency of the federal government."

Thus, in a federal Territory and the Nation, as in a city and a State, "[t]here is but one system of government, or of laws operating within [its] limits." City and State, or Territory and Nation, are not two separate sovereigns to whom the citizen owes separate allegiance in any meaningful sense, but one alone. And the "dual sovereignty" concept of *Bartkus* [*v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959)] and *Abbate* [*v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959)] does not permit a single sovereign to impose multiple punishment for a single offense merely by the expedient of establishing multiple political subdivisions with the power to punish crimes.

*United States v. Wheeler*, 435 U.S. at 321–22, 98 S.Ct. at 1085 (quoted in *Dowling*, 633 F.2d at 669; citations and footnotes omitted); *see also Brathwaite*, 782 F.2d at 406.

■ Based upon the foregoing cases, I was constrained to impose a single punishment only for the "same offense" even if the convictions for two or more offenses occur under the Virgin Islands Code and the United States Code. *Brathwaite*, 782 F.2d at 406; *Dowling*, 633 F.2d at 669. In assessing whether this prohibition applies to this case, I was guided by the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Id.; see also United States v. Alston*, 609 F.2d 531, 534 (D.C.Cir.1979),

---

2. Because the propriety of the sentence imposed under this offense is not in question, it shall not be addressed further.

3. I note that in *Jones* the defendants were charged with possession of heroin with the intent to distribute under federal law and possession of heroin under local law. The jury found the defendants not guilty of the federal offense but guilty of the local offense. The penalty under the District of Columbia Code was more severe than that for the same offense under the federal code. However, the court did not find the manner in which the case was charged improper and held that "[t]he United States Attorney has discretion to determine which of the applicable statutes will form the basis for the prosecution." *Jones*, 527 F.2d at 820.

*cert. denied,* 445 U.S. 918, 100 S.Ct. 1281, 63 L.Ed.2d 603 (1980) (the *Blockburger* test applies in determining whether an individual has been properly convicted and sentenced under both the United States and District of Columbia criminal codes). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182; *see also Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ("The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger* ...").

■ Foster was convicted of trafficking in cocaine in violation of 19 V.I.C. § 614a(a)(3) [4] and possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).[5] While the federal offense requires proof of a fact which the Virgin Islands offense does not, namely the intent to distribute, the Virgin Islands offense does not require proof of a fact which is not required to sustain a conviction under the federal offense. Consequently, after comparing the substantive offenses under both codes, I concluded that the two offenses are not sufficiently distinct to pass the test espoused in *Blockburger.* For the purposes of sentencing in light of the constitutional prohibition against the imposition of multiple punishments for the same offense, the offenses are the "same offense." [6]

This conclusion is supported by the Third Circuit's opinion in *Brathwaite.* There, the defendant was tried and convicted of conspiracy to import and distribute cocaine and marijuana in violation of 21 U.S.C. §§ 846, 963 and conspiracy to traffic in cocaine and marijuana in violation of 19 V.I.C. § 609. Importantly, the underlying substantive offenses for these convictions were defined in 21 U.S.C. § 841(a) and 19 V.I.C. § 614a(a)(1)(C), (3)(C)—the same offenses involved in the instant case. Writing for the court, Judge Hunter concluded "that the two sets of offenses are not sufficiently distinct to pass the *Blockburger* test." *Brathwaite,* 782 F.2d at 407 (footnote omitted). I must follow the holding of this case.

---

**4.** Title 19, Virgin Islands Code, Section 614a(a)(3) provides as follows:

(3) Any person who knowingly sells, manufactures, delivers, or brings into this Territory, or who is knowingly in actual or constructive possession of 6 grams or more of cocaine or of any mixture containing cocaine, as described in Schedule II(a)(4) of section 595(b) of this chapter, is guilty of a felony which shall be known as "trafficking in cocaine". If the quantity involved:

(A) is 6 grams or more, but less than 26 grams, such person shall be sentenced to a mandatory term of imprisonment of 3 calendar years and to pay a fine of $50,000;

(B) is 26 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 5 calendar years and to pay a fine of $100,000;

(C) is 200 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.

**5.** Section 841(a) of Title 21 of the United States Code provides in pertinent part as follows:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; ...

**6.** Even if defendant correctly argues that the Virgin Islands offense of trafficking in cocaine is a lesser included offense of the federal offense of possession of cocaine with the intent to distribute, it does not follow that I must impose sentence solely under the sentencing structure of the federal offense as argued by defendant. Without question, the Double Jeopardy Clause protects against multiple punishments for greater and lesser included offenses. *United States v. Kimberlin,* 781 F.2d 1247, 1255 (7th Cir.1985), *cert. denied,* 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986); *United States v. Udey,* 748 F.2d 1231, 1237 (8th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3477, 87 L.Ed.2d 613 (1985); *see also Brown v. Ohio,* 432 U.S. at 168–69, 97 S.Ct. at 2226–27. In fact, for the purposes of double jeopardy analysis, a lesser or greater included offense is the "same offense." *See Neville v. Butler,* 867 F.2d 886, 888 (5th Cir. 1989). By imposing a general sentence under both offenses giving due consideration for the sentencing structure established by the Virgin Islands Code, I have not imposed multiple sentences upon this defendant. Therefore, the fifth amendment double jeopardy bar has not been violated.

Although the offenses involved herein may not be identical, they "are not sufficiently distinct" to warrant the imposition of more than one sentence. The *Brathwaite* court provides the following guidance to a sentencing judge faced with this situation:

Because the crimes of which [defendant] was convicted do not meet the *Blockburger* test, his sentences under the Virgin Islands and United States statutes must be vacated, even though they were to run concurrently with each other. The policy followed in this circuit, however, is to leave his convictions under both sets of statutes intact. Accordingly, we will remand with instructions to the district court to vacate [defendant's] sentences and to impose *a general sentence on his convictions under [both the federal and territorial code]*.

*Id.* at 407–08 (citations and footnotes omitted; emphasis added); *see also Dowling,* 633 F.2d at 668–70; *United States v. Gomez,* 593 F.2d 210, 215–19 (3d Cir.), *cert. denied,* 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979). In a footnote, *Brathwaite* further provided that "[t]he district court is constrained to impose a general sentence not to exceed the maximum permissible sentence on that conviction that carries the greatest maximum sentence." *Brathwaite,* 782 F.2d at 408 n. 9; *see also Dowling,* 633 F.2d at 670; *Gomez,* 593 F.2d at 219.

The maximum sentence under 21 U.S.C. § 841(a) is twenty years imprisonment. However, as a practical matter, absent an upward departure of the federal sentencing guidelines, defendant's maximum exposure to imprisonment is between 41 and 51 months. Under the Virgin Islands offense, defendant faced a *mandatory* minimum

term of fifteen years imprisonment and fine of $250,000 given the substantial amount of cocaine discovered in his closet. Significantly, the Virgin Islands Code is silent as to a maximum penalty which may be imposed for this offense. Consequently, I have discretion to impose a penalty in excess of the mandatory minimum of fifteen years and $250,000 fine if warranted by the facts of the case.[7] It follows, therefore, that the maximum penalty for the Virgin Islands offense is greater than the twenty year maximum established under the United States Code.

Following the guidance from the Third Circuit and examining the sentencing structure established under both offenses, I imposed a general sentence under the convictions for both drug-related offenses upon defendant which could not exceed the maximum permissible sentence on the conviction under the Virgin Islands offense which appears unlimited. In fixing a term, I am mindful of the language and structure of 19 V.I.C. § 614a. This section is geared specifically toward the punishment of those persons convicted of trafficking in cocaine—as the amount of cocaine increases, the length of the mandatory minimum sentence rises. The amounts set forth in this section are clearly amounts greater than that required for personal consumption. I felt that due regard must be given to the intention of the legislature to punish this offense. The legislature of the Territory is better equipped to assess: (a) the detrimental impact drugs and their distribution is having upon the Islands, and (b) the need to establish more exacting punishments for drug-related offenses to deter further influx of narcotics into the Territory. Accordingly, I was persuaded to impose a term of fifteen years upon this defendant.[8]

---

7. Indeed, it appears that legislature of the Virgin Islands did not intend to limit a judge's authority to sentence under this section except to the extent that it provided for a mandatory minimum term of imprisonment.

8. It is possible that I lack the discretion to impose less than a fifteen year term given the mandatory language contained in 19 V.I.C. § 614a(a)(3). Notwithstanding this possibility, under the circumstances of this case and in light

of the clear intention of the legislature of the Virgin Islands to punish this offense rigorously, I felt that such a term was warranted. Defendant was convicted of possession of more than 200 grams of cocaine, an amount clearly in excess of that which could have been contemplated for his own personal use. The jury's verdict clearly demonstrates their disbelief of his explanation of how the cocaine got into his closet and their belief that defendant intended to distribute the cocaine he possessed.

Finally, I note that the Virgin Islands Code contains provisions which punish the simple possession of controlled substances, 19 V.I.C. § 607, and possession of a controlled substance with the intent to distribute. 19 V.I.C. § 604. However, subsequent to the enactment of these criminal statutes, the legislature enacted 19 V.I.C. § 614a. The section was titled "Trafficking in certain controlled substances" and established substantial mandatory minimum penalties for its violation. This, in my opinion, manifests an intention by the local legislature to: (a) respond to the increasing problem of illicit drug distribution and use within the Territory, (b) punish those persons caught with substantial amounts of illicit drugs, and (c) deter individuals from using the Virgin Islands for the sale of controlled substances.

### III.

In summary, I sentenced defendant to a general term of imprisonment and fine under the drug-related offenses of the federal and territorial codes for which he was convicted in conformity with the established policy of the Third Circuit. Moreover, because the offenses are not sufficiently distinct to warrant separate punishment, the imposition of a single sentence under both offenses eliminates any double jeopardy problems which might exist in this case. I fixed a term of fifteen years imprisonment and $250,000 fine under the general sentence to effectuate fully the legislature of the Virgin Islands' intention to punish persons convicted of "trafficking in cocaine" as defined by 19 V.I.C. § 614a(a)(3), as well as to punish those persons convicted of possession of a controlled substance with intent to distribute under the United States Code.

In addition, a defendant, like Bruce Foster, found in possession of over 200 grams of cocaine and found guilty of possession of the cocaine with the intent to distribute presents a danger to the community and must be deterred from this type of behavior. While the sentence may seem harsh given the age of this defendant, I believe that it is justified under the circumstances.

For these reasons and the reasons stated on the record on March 21, 1990, the imposition of a general sentence of fifteen years imprisonment and a fine of $250,000 under both drug-related offenses is appropriate under the circumstances and is consistent with the law of this circuit.