**UNITED STATES OF AMERICA, and the GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiffs**

**v.**

**MELVIN A. BRUNEY, Defendant**

Crim. No. 1993-35

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 12, 1994

NELSON L. JONES, Assistant United States Attorney, St. Thomas, V.I., *for the United States of America*

STEPHEN A. BRUSCH, Assistant Federal Public Defender, St. Thomas, V.I., *for Bruney*

MOORE, *Chief Judge:*

## MEMORANDUM OPINION

Defendant Melvin A. Bruney's ("Bruney") motion for a judgment of acquittal and a new trial raises three issues for consideration: a) whether, under 18 U.S.C. § 922(g) (1976 & Supp. 1994), the government proved that the defendant received the firearm in question in the District of the Virgin Islands after he had been convicted of a felony; b) whether there is a crime of attempted murder in the second degree under Virgin Islands law; and c) whether the clause "during the commission or attempted commission of a crime of violence," as used in V.I. Code Ann. tit. 14, § 2253(a) (1964 & Supp. 1994), should be construed as an element of the offense of unauthorized possession of a firearm.

## BACKGROUND

This case grew out of two separate altercations between the defendant and two brothers, Prince and Paul Mills. On the afternoon of January 9, 1993, Bruney and Prince Mills had an argument at a bar in Smith Bay, during which some pushing and shoving took place. Prince Mills testified that when he left the bar, Bruney followed him and fired two or three shots at him—all of which missed—with a small, shiny gun. Transcript ("Tr.") Vol. II at 29–30. The second incident occurred about three hours later at another bar in Smith Bay as Paul Mills confronted Bruney about the shots he fired at his brother. Bruney replied that Prince Mills had "disrespected" him. A scuffle ensued as Bruney attempted to pass by Paul Mills to leave the bar. According to Mills, Bruney then reached into his jacket, pulled out a small, silver pistol, and shot him in the hand and ribs. Id. at 58–59. Paul Mills testified further that the defendant "took off running," then turned back and shot him twice more in the side. Id. at 59–60.

Bruney, a previously convicted felon,[1] was arrested and charged, by way of a seven count indictment.[2] Count One charged Bruney

[1] On November 18, 1992, Bruney was sentenced in the Territorial Court on his guilty plea to assault in the third degree.

[2] The Indictment read in pertinent part:

COUNT ONE

On or about the 9th day of January, 1993, at St. Thomas, District of the Virgin islands, the defendant,

MELVIN A. BRUNEY,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Assault Third Degree, did knowingly receive a firearm which had been shipped in interstate commerce;

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

COUNT TWO

On or about the 9th day of January, 1993, at St. Thomas, District of the Virgin Islands, the defendant,

MELVIN A. BRUNEY,

did attempt to unlawfully kill Paul Mills, a human being, with malice aforethought, willfully, deliberately and with premeditation;

In violation of Title 14, Virgin Islands Code, Sections 922 (a)(1) and 331(1).

COUNT THREE

On or about the 9th day of January, 1993, at St. Thomas, District of the Virgin Islands, the defendant,

MELVIN A. BRUNEY,

did attempt to unlawfully kill Prince Mills, a human being, with malice aforethought, willfully, deliberately and with premeditation;

In violation of Title 14, Virgin Islands Code, Sections 922 (a)(1) and 331(1).

COUNT FOUR

On or about the 9th day of January, 1993, at St. Thomas, District of the Virgin Islands, the defendant,

MELVIN A. BRUNEY,

did with intent to commit murder, assault Paul Mills with a handgun;

In violation of Title 14, Virgin Islands Code, Section 295(1).

COUNT FIVE

On or about the 9th day of January, 1993, at St. Thomas, District of the Virgin Islands, the defendant,

MELVIN A. BRUNEY,

did with intent to commit murder, assault Prince Mills with a handgun;

In violation of Title 14, Virgin Islands Code, Section 295(1).

COUNT SIX

On or about the 9th day of January, 1993, at St. Thomas, District of the Virgin Islands, the defendant,

MELVIN A. BRUNEY,

did possess a firearm without authority by law to do so, during the commission or attempted commission of a crime of violence, that is, murder and assault;

In violation of Title 14, Virgin Islands Code, Section 2253(a);

with receiving a firearm in violation of 18 U.S.C. § 922(g).[3] Counts Two and Three charged Bruney with attempted murder in the first degree of Paul Mills and Prince Mills, respectively, in violation of V.I. Code Ann. tit. 14, §§ 922(a)(1) and 331(1) (1964). Likewise, Counts Four and Five charged the defendant with first degree assault of Paul Mills and Prince Mills, respectively, under V.I. Code Ann. tit. 14, § 295(1) (1964). Finally, Counts Six and Seven of the indictment were identical and each charged Bruney with the unauthorized possession of a firearm "during the commission or attempted commission of a crime of violence" in violation of 14 V.I.C. § 2253(a).

The jury found the defendant guilty of the federal offense of receiving a firearm following a prior felony conviction (Count One) and of unauthorized possession of a firearm during a crime of violence (Counts Six and Seven).[4] Although the jury determined that Bruney was not guilty of attempted murder in the first degree of Paul Mills (Count Two),[5] it nevertheless found him guilty of the lesser included offense of attempted murder in the second degree of Paul Mills.[6]

---

COUNT SEVEN
On or about the 9th day of January, 1993, at St. Thomas, District of the Virgin Islands, the defendant,
MELVIN A. BRUNEY,
did possess a firearm without authority by law to do so, during the commission or attempted commission of a crime of violence, that is, murder and assault;
In violation of Title 14, Virgin Islands Code, Section 2253(a).

[3] The defendant's trial was bifurcated, with Count One being tried to the jury after it returned verdicts on Counts Two through Seven.

[4] The jury also found Bruney guilty of a "lesser" offense to Counts Six and Seven, despite an instruction that this "lesser" charge be reached only if the jury acquitted him on Counts Six and Seven. Id. at 174. See infra note 21 and accompanying text.

[5] The jury also found Bruney not guilty of attempted first degree murder of Prince Mills (Count Three), first degree assault of Paul Mills (Count Four), and first degree assault of Prince Mills (Count Five).

[6] The defendant asserts that since he was acquitted of Count Four, assaulting Paul Mills with intent to murder him, it was therefore inconsistent and improper for the jury to convict him of an offense which requires a finding of intent to murder, namely attempted second degree murder of Paul Mills. Even if this Court were to agree that these verdicts are inconsistent, this would not require or warrant reversal of the jury's verdict of guilt on the lesser included offense to Count Two, attempted murder in the second degree, since inconsistent verdicts are constitutionally permissible. See Dowling v. United States, 493 U.S. 342, 353 (1990).

This motion challenging each conviction followed. Upon consideration of the motion, the government's opposition thereto, and the applicable case law, the Court concludes that the defendant's motion should be granted in part and denied in part.

## I. THE CHARGE OF FELON IN RECEIPT OF A FIREARM, COUNT ONE

Defendant asserts that the government failed to produce sufficient evidence to prove that he was already a felon when he received the firearm. Further, he argues that the government failed to prove that he received the firearm in the Virgin Islands.[7]

At trial the government presented the following evidence to prove the allegations in Count One: (1) there are no licensed manufacturers of firearms in the Virgin Islands,[8] Tr. Vol. II at 213–214, and (2) on November 18, 1992, Bruney was convicted of third degree assault, id. at 221–222. This was countered by the defendant's unrebutted testimony that he had received the gun from a friend three or four years earlier, id. at 52.

■ The jury was instructed that in order to find the defendant guilty of being a felon in receipt of a firearm it had to find first, that the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; second, that the defendant knowingly received a firearm; third, that such receipt was in or affecting interstate commerce;[9] and fourth, that these events all occurred on or about January 9, 1993, in St.

---

[7] 18 U.S.C. § 922(g) reads in pertinent part:
It shall be unlawful for any person—
. . .
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[8] The defendant argued that the fact that there are no licensed manufacturers of firearms in the Virgin Islands does not prove that all firearms in the territory traveled in "interstate commerce" as defined by the Court for the jury. Conceivably, firearms could be made by unlicensed manufacturers in the Virgin Islands, or they may be made by individuals at home. Tr. Vol. II at 216–17.

[9] Neither the government nor the defendant objected to the instruction on this element, even though it was not in accord with the language of the statute or the language of Count One and arguably imposed a greater burden on the prosecutor. Since the conviction on Count One is reversed for insufficiency of proof, there is no need to deal with this error in instructing the jury.

364

Thomas, Virgin Islands. After reviewing the transcript and the essential elements of the offense, the Court finds that the government did not present sufficient evidence upon which a jury could find, beyond a reasonable doubt, that the defendant received the firearm after November 18, 1992, the date he was convicted of a felony. Accordingly, the government did not prove that the defendant was a convicted felon at the time he received the firearm.

In addition, the Court finds that there was insufficient evidence upon which the jury reasonably could have found that the defendant received the firearm in the Virgin Islands. Because of this failure of proof on two essential elements of the offense, the Court will grant defendant's motion to dismiss Count One.[10]

## II. THE CHARGE OF ATTEMPTED MURDER IN THE SECOND DEGREE, LESSER INCLUDED OF COUNT TWO

Bruney claims that the application of the Virgin Islands attempt statute, 14 V.I.C. § 331, to the offense of second degree murder is unconstitutionally vague because it does not provide an ascertainable maximum term or fine. Section 331 provides:

Whoever unsuccessfully attempts to commit an offense, shall, unless otherwise specially prescribed by this Code or other law, be punished by—
(1) imprisonment for not more than 25 years, if the offense attempted is punishable by imprisonment for life; or
(2) in any other case, imprisonment *for not more than one-half of the maximum term*, or fine of not more than one-half of the maximum sum prescribed by law for the commission of the offense attempted, or by both such fine and imprisonment.

14 V.I.C. § 331 (emphasis added). Subsection (b) of the Virgin Islands murder statute, V.I. Code Ann. tit. 14, § 923(b) (1964), provides, "Whoever commits murder in the second degree shall be imprisoned for not less than 5 years."[11] In the defendant's view, because section 923(b) does not provide a maximum sentence for

---

[10] The government's problems of proof on Count One stem from charging the offense as receipt of a firearm, rather than possession of a firearm under 18 U.S.C. § 922(g)(1). There was ample evidence that Mr. Bruney possessed the gun, but not that he received it, after having been convicted of a felony.

[11] The Third Circuit Court of Appeals has held that a person convicted of murder in the second degree cannot be given a life sentence, but must be imprisoned for a definite term of not less than five years. See Ruiz v. United States, 365 F.2d 500 (3d Cir. 1966).

second degree murder,[12] it is impossible to apply section 331 to ascertain the appropriate penalty for attempted second degree murder—one-half of an unknown is still an unknown.

■ However, the Virgin Islands criminal code fills the gap by providing that every felony is punishable by imprisonment not exceeding five years, where no punishment is otherwise prescribed. V.I. Code Ann. tit. 14, § 3(a)(1) (1964). Such a catchall provision supplies the penalty where none is otherwise stated and saves a criminal statute which fails to include a maximum punishment for the offense it defines.[13] Accordingly, the maximum penalty which may be imposed on the defendant for attempted murder in the second degree of Paul Mills is two and one-half years—one-half of the five years provided by section 3(a)(1).[14]

## III. UNAUTHORIZED POSSESSION OF A FIREARM—SECTION 2253(a), COUNTS SIX AND SEVEN

The defendant's challenge to his conviction on Counts Six and Seven[15] implicates the legal significance of the language "during

---

[12] The Government cites to Government of Virgin Islands v. Mills, 935 F.2d 591 (3d Cir. 1991), for the proposition that attempted murder in the second degree is punishable by imprisonment for not more than 25 years. The Court is not persuaded by the dicta in Mills that murder in the second degree is punishable by imprisonment for not more than 25 years, which would make it indistinguishable from attempted first degree murder.

[13] See Andreas v. Clark, 71 F.2d 908, 909 (9th Cir.), cert. denied, 293 U.S. 555 (1934) ("It is sufficient if the maximum penalty is fixed by a general or related statute. . . ."); see generally 22 C.J.S. Criminal Law § 19 at 22 (1989) ("A statute is not unconstitutional because it fails to limit the maximum punishment which may be imposed . . . when there is a general statute which fixes the maximum.")

[14] This ruling in no way addresses 14 V.I.C. § 923, not only because the defendant has not challenged that section, but also because he was not charged with either first or second degree murder.

[15] The three articulated bases for this challenge are disposed of easily. First, we agree that Bruney's conviction on the "lesser included offense" must be vacated. See infra note 20 and accompanying text. Second, we have already determined that attempted second degree murder is a crime under V.I. law and, as such, is a crime of violence under section 14 V.I.C. § 2253(a). In any case, this is irrelevant to the validity of the defendant's convictions for unauthorized possession of a firearm under section 2253(a), as is shown infra in part III of this opinion. Third, defendant's contention that the conviction on Count Seven must be vacated since he was acquitted of all crimes of violence against Prince Mills is also irrelevant. See discussion infra part III.

the commission or attempted commission of a crime of violence" in section 2253(a),[16] which has created much confusion in this jurisdiction. Our discussion below rationalizes these words with the other portions of our firearms statute.

After careful review and consideration, this Court holds that the clause "during the commission or attempted commission of a crime of violence" is not an element of the crime of unauthorized possession of a firearm defined in section 2253(a), and was therefore surplusage in the charging language of Counts Six and Seven and in the Court's instructions to the jury on those two counts.[17] See Tr. Vol. II at 173.

■ "[S]ection 2253(a) prescribes a single offense of unauthorized possession of a firearm of which there are [only] two elements: one, that the defendant possessed a firearm and two, that the defendant [possessed] it without authorization of law."[18] Pos-

---

[16] 14 V.I.C. § 2253(a) reads:

> Whoever, *unless otherwise authorized by law,* has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, as defined in Title 23, section 451(d) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than six months nor more than three years and shall be fined not more than $5,000, except that if such person shall have been convicted of a felony in any state, territory, or federal court of the United States, or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person *during the commission or attempted commission of a crime of violence,* as defined in subsection (d) hereof, then such person shall be sentenced to imprisonment of not less than five years nor more than ten years and shall be fined not more than $10,000. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the felony or crime of violence. (emphasis added).

[17] The Court particularly raised with defense counsel at a charging conference the government's possibly vague and duplicitous charges in Counts Six and Seven. The defendant's counsel specifically stated that he had no problem with the counts as written. See Tr. Vol. II at 144. Indeed, the defendant has not challenged these two counts in this post-trial motion. Although neither Counts Six nor Seven named the individual who was the object of the stated crime of violence, the government proffered that Count Six involved the shooting of Paul Mills and Count Seven involved the attempted murder and assault of Prince Mills. Without objection from the defendant, the Court instructed the jury on the basis of this proffer.

[18] United States of America v. Sebastien, V.I. BBS 92CR111.DT1 at page 7 (D.V.I. Mar. 25, 1994) (emphasis added). In Sebastien, this Court construed the "crime

367

session of a firearm during the commission or attempted commission of a crime of violence merely serves to enhance the penalty for unauthorized possession of a firearm. If a defendant is found guilty of one or more of the predicate crimes of violence charged (in this case attempted murder in the second degree) at the same time that he possessed a firearm without authorization of law, the sentencing range is five to ten years; if a defendant is convicted of such possession but is found not guilty of a crime of violence during the same occurrence,[19] the sentence ranges from not less than six months to no more than three years.[20]

---

of violence" language in section 2253(a) and concluded that section 2253(a) does not define two separate offenses: (1) unauthorized possession of a firearm and (2) unauthorized possession of a firearm during the commission or attempted commission of a crime of violence; nor is (1) a lesser included offense of (2). Id.

The conclusion of the Third Circuit in United States v. Xavier, 2 F.3d 1281, 1291 (3d Cir. 1993), that "unauthorized possession of a firearm" and "unauthorized possession of a firearm during a crime of violence" are the "same offense" for sentencing purposes bolsters this Court's rationale here and in Sebastien. As the Xavier court found, section 2253(a) "provides punishment for unauthorized possession 'except that' a greater punishment applies for a defendant convicted of possessing a weapon during a crime of violence." United States v. Xavier, 2 F.3d at 1291.

[19] This assumes that the defendant is not a convicted felon.

[20] Rabess v. Government of the Virgin Islands, V.I. BBS 92CR40A.DT1 (D.V.I. App. Div. Oct. 6, 1994). In Rabess the Appellate Division of the District Court interpreted the identical crime of violence" language in the local dangerous weapons statute, V.I. Code Ann. tit. 14, § 2251 (1964 & Supp. 1994), as a sentence enhancement provision, not as a separate element of the offense. We are bound by that decision since the Appellate Division is the highest arbiter of local law in the Territory. The Trial Division of this Court, sitting as an ordinary federal trial court, must defer to such decisions on matters of local law, custom, and policy, just as any federal court must defer to the pronouncements of a state's highest court when interpreting a state's criminal statute. See Waialua Agricultural Co. v. Christian, 305 U.S. 91, 109 (1938) ("[T]erritorial courts should declare the law of the territories with the least possible interference. . . . Unless there is clear departure from ordinary principles, the preference of a federal court as to the correct rules of general or local law should not be imposed upon [the territory]."); Electrical Constr. & Maintenance Co. v. Maeda Pacific Corp., 764 F.2d 619, 620 (9th Cir. 1985) ("We must affirm a decision of the Appellate Division [of the District Court of Guam] "on a matter of local law, custom or policy if the decision is based upon a tenable theory and is not inescapably wrong or manifest error.'"); General Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 357 (3d Cir. 1986) ("[When federal jurisdiction is 'based solidly in [Virgin Islands] law,'] federal

The net result of our analysis is that there is no lesser included offense to section 2253(a). Thus, the jury's verdict on the "lesser included" offense, per the Court's instruction, must be vacated.[21] Further, the inclusion of the crime of violence language in Counts Six and Seven constituted surplusage without any definitional significance for those two offenses. Accordingly, the defendant faces two convictions of possessing, without authorization of law, the same firearm. While the Court finds that the evidence was sufficient to support both verdicts, the evidence only proved one violation of section 2253(a). The government only proved that the defendant possessed one gun during the incidents with the Mills brothers. Because the act of possessing a gun is a continuing one, at least during the space of time in this case, this same criminal act cannot subject the defendant to more than one conviction for that same, continuing possession. Ball v. United States, 470 U.S. 856, 861–65 (1985).[22] The enhanced sentencing provision of section

jurisdiction alone does not create a sufficiently strong policy to deny application of [Virgin Islands] law.")

In 1984 Congress specifically amended the Revised Organic Act of 1954, ch. 558, 68 Stat. 497 (1954) (codified as amended at 48 U.S.C. §§ 1541–1645 (1982 and Supp. 1994)), to extend the principles of federalism to the judicial system of this Territory. The amendments to section 23 require the relations between the district court, in its capacity as a federal trial court, and the courts created and exercising jurisdiction under Virgin Islands law to "be governed by the laws of the United States pertaining to the relations between the courts of the United States . . . and the courts of the several States" in all matters and proceedings, including appeals. 48 U.S.C. § 1613. Section 23A made it clear that the Appellate Division of the District Court shall have appellate powers over all matters of local law as prescribed by the Legislature of the Virgin Islands. 48 U.S.C. § 1613A.

[21] Although the Court incorrectly labeled it as a "lesser included offense" of possession of a firearm without authority of law, this instruction correctly stated the two elements of section 2253(a). The jury found Mr. Bruney guilty of Counts Six and Seven as charged, as well as this "lesser" offense, despite an instruction that this "lesser" charge be reached only if the jury acquitted him on Counts Six and Seven. Id. at 174.

[22] Since we are dealing with violations of only one statute, there can be no suggestion that the statute is directed at separate evils; thus, it would violate the Double Jeopardy Clause to allow both convictions to stand and impose a general sentence. United States v. Grayson, 795 F.2d 278, 287 (3d Cir. 1986) (stating that separate convictions under different statutes, which constitute the "same offense" for double jeopardy purposes, are permissible when statutes are directed at separate evils); United States v. Fernandes, 916 F.2d 125, 127 (3d Cir. 1990) (upholding drug convictions under narcotic conspiracy statute and RICO where statutes were directed at separate evils and a single punishment was imposed for both offenses).

2253(a) clearly applies because the defendant was convicted by the jury of attempted murder in the second degree, a crime of violence.[23]

## IV. CONCLUSION

For the reasons stated above, the Court will vacate the jury's guilty verdict on Count One, felon in receipt of a firearm. The Court reforms the verdicts on Counts Six and Seven as convictions of possession of a firearm without authorization of law under section 2253(a) as herein defined, and merges these two reformed convictions into one. The jury's guilty verdict on the "lesser included offense" of possession of a firearm without authorization of law also is vacated. In all other respects, the defendant's motion for a judgment of acquittal and for a new trial will be denied. A separate order follows.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of even date, it is hereby

ORDERED that the defendant's conviction on Count One is vacated; and it is further

ORDERED that the defendant's convictions on Counts Six and Seven are merged into a single offense of possession of a firearm without authorization of law, under V.I. Code Ann. tit. 14 § 2253(a); and it is further

ORDERED that the defendant's convictions on the lesser included offense to Counts Six and Seven are vacated; and it is further

ORDERED that the defendant's Motion for Judgment of Acquittal is DENIED in all other respects; and it is further

ORDERED that the defendant's motion for New Trial is DENIED as moot.

---

[23] The alternative sentencing enhancement provision of § 2253(a), conviction of a felony, may also apply to this defendant since the government proved at trial that he had been convicted of a felony; however, the defendant can challenge this at sentencing.