**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LESTER DeCASTRO, D.O.B. 02/18/69, Defendant**

GOVERNMENT OF THE VIRGIN ISLANDS v. DeCASTRO

Crim. No. F17/2003

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

October 4, 2004

LOFTON P. HOLDER, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, Virgin Islands, *Attorney for the Government*.

STEPHEN A. BRUSCH, ESQ., GWENDOLYN WILDS, ESQ., St. Thomas, U.S. Virgin Islands, *Attorney for the Defendant*.

HOLLAR, *Judge*

## MEMORANDUM OPINION

### (October 4, 2004)

This matter came on for change of plea on September 24, 2003. During the *voir dire* conducted pursuant to FED. R. CR. P. 11, the Defendant was advised by his counsel and subsequently insisted that the maximum sentence for 19 V.I. CODE ANN. § 614a(a)(1)(A), trafficking marijuana, was five (5) years. The Government agreed with defense's position. In support of his position, Defendant relied heavily on the provisions set forth at 14 V.I. CODE ANN. § 3(a)(1). Because § 614a(a)(1)(A) only provides for a <u>mandatory minimum sentence</u>, the Court took the matter under advisement, required counsel to submit briefs and continued the matter *sine die*. For reasons that follow, the Court finds that the maximum sentence for violation of 19 V.I. CODE ANN. § 614a(a)(1)(A) may exceed five (5) years and in fact be an indefinite number of years. Thus, the change of plea must be rejected unless the Defendant knowingly and voluntarily acknowledges what the maximum sentence is for trafficking marijuana, as ruled by this Court.

## I. FACTS AND PROCEDURAL HISTORY

On January 22, 2003, the Government filed a two (2) count Information against the Defendant, Lester DeCastro, charging the Defendant, in Count I, with aiding and abetting, in connection with trafficking cocaine, in violation of 19 V.I. CODE ANN. § 614a(a)(3)(C) and 14 V.I. CODE ANN. § 11; and in Count II, with aiding and abetting, in connection with trafficking marijuana, in violation of 19 V.I. CODE ANN. § 614a(a)(1)(A) and 14 V.I.C. § 11.

On September 26, 2003, a Change of Plea hearing was held, during which time the parties notified the Court that the Defendant had accepted an "open" plea offer made by the Government. Under the terms of the plea agreement, the Defendant would plead guilty to Count II of the Information, which charged him with aiding and abetting, in connection

25

with trafficking marijuana, in violation of 19 V.I. CODE ANN. § 614a(a)(1)(A) and 14 V.I. CODE ANN. § 11. Thereafter, in accordance with FED. R. CR. P. 11, the Court asked the Defendant, *inter alia*, what was the maximum sentence the Court could impose for Count II. The Defendant, through advice of counsel,[1] indicated that the maximum sentence was five (5) years incarceration and a Twenty-Five Thousand Dollar and 00/100 ($25,000.00) mandatory fine.

Title 19 V.I. CODE ANN. § 614a(a)(1)(A) states:

> "Any person who knowingly sells, manufactures, delivers, or brings, into this Territory, or who is knowingly in actual or constructive possession of, in excess of 50 pounds of marijuana is guilty of a felony which shall be known as <u>trafficking in marijuana</u>. If the quantity involved is excess of 50 pounds, but less than 200 pounds, such person shall be sentenced to a <u>mandatory minimum</u> term of imprisonment of 3 calendar years and to pay a fine of $25,000." (Emphasis added).

The Defendant contended and the Government agreed that 14 V.I. CODE ANN. 3(a)(1) limits the Court to imposing a period of incarceration not exceeding five (5) years. Section 3(a)(1) provides:

> "<u>[e]xcept in cases where a different punishment is prescribed</u> by law, every crime or offense declared to be a felony is punishable by imprisonment not exceeding five years." (Emphasis added).

After entertaining argument regarding Defendant's contention, the Court aborted the change of plea hearing, required the parties to file briefs supporting their contention and continued the matter *sine die*.

## II. ANALYSIS

The issues before the court for resolution are: (1) whether 14 V.I. CODE ANN. § 3(a)(1) is applicable to 19 V.I. CODE ANN. § 614a(a)(1)(A); (2) whether the Court is otherwise limited in its discretion in determining an appropriate maximum term of imprisonment for violation of 19 V.I. CODE ANN. § 614a(a)(1)(A); and (3) whether the case upon which Defendant relies, to wit: *United States v. Bruney*, 30 V.I. 360, 866 F.

---

[1] Attorney Gwendolyn Wilds, Esq. appeared on behalf of the attorney of record, Stephen A. Brusch, Esq. at the change of plea hearing.

Supp. 874, (D. V.I. 1994), is distinguishable from the facts presented herein.

## A. 14 V.I. CODE ANN. § 3(a)(1) is Inapplicable To 19 V.I. CODE ANN. § 614a(a)(1)(A)

■ The Defendant contends and the Government agrees that 14 V.I. CODE ANN. § 3(a)(1) applies to 19 V.I. CODE ANN. § 614a(a)(1)(A) and thereby limits the Court to imposing a period of incarceration not to exceed five (5) years. Title 14 V.I. CODE ANN. § 3(a)(1) provides:

> "[e]xcept in cases where a different punishment is prescribed by law, every crime or offense declared to be a felony is punishable by imprisonment not exceeding five years." (Emphasis added).

Excluded from its application are crimes for which a punishment is already prescribed. Reliance therefore on 14 V.I. CODE ANN. § 3(a)(1) is misplaced because that provision is only applicable when neither a maximum nor a minimum sentence is provided or the penalty provision is rendered void for vagueness.[2] Since a minimum penalty is provided for violation of 19 V.I. CODE ANN. § 614a(a)(1)(A), 14 V.I. CODE ANN. § 3(a)(1) is not applicable. *See Government of the Virgin Islands v. Foster,* 734 F. Supp. 210 (D.C.V.I. 1990).

## B. Although V.I. CODE ANN. Tit. 19, § 614a(a)(1)(A) Recites Only the Mandatory Minimum Penalties For Its Violation, The Court Has Broad Discretion In Determining A Maximum Penalty

Analogous to the provisions of 19 V.I. CODE ANN. § 614a(a)(1)(A), is 19 V.I. CODE ANN. § 614a(a)(3)(C),[3] which governs trafficking cocaine. The latter provision has been interpreted by the District Court of the Virgin Islands in *Government of the Virgin Islands v. Foster,* 734 F. Supp. 210 (D.C.V.I. 1990).

---

[2] The void for vagueness doctrine is also applicable to enacted penalties. Concomitant with the due process requirement of certainty is the requirement that the penalty portion of a statute be definite. *Louisiana v. Piazza,* 596 So. 2d 817, 820 (La. 1992); *see generally* JOSEPH G. COOK, CONSTITUTIONAL RIGHTS OF THE ACCUSED § 1:6 (3d ed. 1996).

[3] This subdivision regarding trafficking cocaine has almost identical language to the subdivision regarding trafficking marijuana, but imposes a mandatory minimum penalty of 15 years incarceration and a $250,000.00 fine where the quantity of cocaine involved is 200 grams or more. 19 V.I. CODE ANN. § 614a(a)(3)(C) (1995-2003).

In *Foster*, the Defendant was convicted of, *inter alia*, trafficking cocaine in violation of 19 V.I. CODE § 614a(a)(3)(C) and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1). There, the issue decided was whether the two offenses were sufficiently distinct to allow the Defendant to be sentenced under both the Virgin Islands and the United States criminal code without violating the constitutional prohibition of double jeopardy.[4]

In *Foster*, the court determined that for the purposes of sentencing, the offenses for which the Defendant was convicted were the same offense. By imposing a general sentence under both offenses, giving due consideration for the sentencing structure established by the Virgin Islands Code, the double jeopardy clause was not offended. To that end, the court held that the general sentence imposed could not exceed the maximum permissible sentence on the offense that carries the greater maximum sentence. *Foster*, 734 F. Supp. at 214; *see also Government of the Virgin Islands v. Brathwaite*, 782 F.2d 399, 406-407 (3d Cir. 1986).

Out of necessity, the *Foster* court had to establish what the maximum permissible sentence for each offense was under both the Virgin Islands criminal code and the United States criminal code. Under 21 U.S.C. § 841(a), the federal offense, the Court determined that the maximum sentence was twenty (20) years imprisonment, but under 19 V.I.C. § 614a(a)(3)(C), the territorial offense, the court's discretion appeared unlimited. Although the Virgin Islands code prescribes a mandatory minimum sentence of 15 years imprisonment and a $250,000 fine, the

---

[4]     The double jeopardy clause prevents a person from being twice tried or twice punished for the same offense. U.S. CONST. amend. 5. The double jeopardy clause, however, is not offended when an individual is tried and convicted under the criminal codes of two separate independent sovereigns, i.e. the United States criminal code and a State's criminal code, for the same offense. *U.S. v. Williams*, 2000 U.S. Dist. LEXIS 22677 (D.C.V.I.). This rule of law, commonly known as the "dual sovereign doctrine," does not apply to criminal prosecutions in the Virgin Islands, even though Congress has applied the double jeopardy clause to the Territory of the Virgin Islands by section 3 of the Revised Organic Act. *Williams*, 2000 U.S. Dist. LEXIS 22677 at *20. The Territory of the Virgin Islands, as a creation of the U.S. Congress by virtue of Article IV, Section III, Clause I of the United States Constitution, lacks the inherent sovereign power of a State and therefore acts as an agent of the federal government. Ergo, the Virgin Islands and the federal government are considered a single sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for similar offenses growing out of the same occurrence, without violating the double jeopardy clause. *Id.*

provisions of § 614a(a)(3)(C) were <u>conspicuously</u> silent as to a <u>maximum penalty</u>. *Foster*, 734 F. Supp. at 214. To that end, the court held that indeed, it appears the Legislature of the Virgin Islands, did not intend to limit a judge's authority to sentence under the section, except to the extent that it provided for a mandatory minimum term of imprisonment. *Foster*, 734 F. Supp. at 214 n.7.

▮ Applying the holding in *Foster*, to the case *sub judice*, the conclusion this Court must reach is inescapable. The Legislature has established only a <u>mandatory minimum</u> sentence of three (3) years incarceration and a Twenty-Five Thousand and 00/100 Dollar ($25,000.00) fine, but no maximum sentence for violation of 19 V.I. CODE ANN. § 614a(a)(1)(A). Therefore, this Court has broad discretion in determining an appropriate maximum term of imprisonment based on mitigating factors. *Cf. Government of V.I. v. Martinez*, 42 V.I. 146, 150 (D.C.V.I. 1999) (holding that although the statute governing punishment for second degree murder provides minimum penalties, it sets no maximum penalty for second degree murder, <u>giving the judge broad discretion in determining the appropriate term of imprisonment</u>) (citing *Ruiz v. United States*, 5 V.I. 616, 620, 365 F.2d 500, 501 (3d Cir. 1966)). It should be noted, however, that in a recent opinion dated August 17, 2004, *Warner v. Government of the Virgin Islands*, 332 F. Supp. 2d 808, 2004 U.S. Dist. LEXIS 16831 (D.C.V.I. 2004) at http://www.vid.uscourts.gov/ dcopinion/03cr0023_warner_opn.pdf, the Appellate Division held that the Court was further limited to imposing a sentence of a <u>definite term of years</u>, and not permitted to impose a penalty of life imprisonment for murder in the second degree.[5]

## C. The Facts in *United States v. Bruney*, 30 V.I. 360, 866 F. Supp. 874 (D.V.I. 1994), are Distinguishable From the Facts Presented Herein.

The holding in *United States v. Bruney*, 30 V.I. 360, 866 F. Supp. 874 (D.C.V.I. 1994) is inapplicable to the case *sub judice*. In *Bruney*, the Defendant was convicted in the Territorial Court of the Virgin Islands of, *inter alia*, <u>attempted</u> second degree murder. The Defendant filed a

---

[5] [A] missing term or an open-ended sentence may be filled only by imposing a specific term of years other than life imprisonment and [ ] a life term is proper only when provided by statute. *Warner*, 332 F. Supp. 2d 808 at 813, 2004 U.S. Dist. LEXIS 16831 at *12. *Warner* is presently on appeal to the U.S. Court of Appeals for the Third Circuit.

motion for a judgment of acquittal and a new trial, challenging his conviction(s). Among the questions raised on appeal was whether there is a crime of attempted murder in the second degree under Virgin Islands law. The Defendant argued that "the application of the Virgin Islands attempt statute, 14 V.I. CODE ANN. § 331, to the offense of second degree murder is unconstitutionally vague because it does not provide an ascertainable maximum term or fine." *Bruney*, 30 V.I. at 365.

The penalty for the crime of second degree murder is prescribed by 14 V.I. CODE ANN. § 923(b). That provision states, in pertinent part "whoever commits murder in the second degree shall be imprisoned <u>for not less than five (5) years</u>." Significantly, § 923(b) also fails to provide a maximum penalty. The attempt provision, section 331 provides, in pertinent part:

> "[w]hoever unsuccessfully attempts to commit an offense, shall, unless otherwise specially prescribed by this Code or other law, be punished by- ... (2) imprisonment for not more than one-half of the maximum term ... prescribed by law for the commission of the offense attempted."

The Defendant argued that it was impossible to apply the Virgin Islands attempt statute to 14 V.I. CODE ANN. § 923(b) because one-half of an unknown remains an unknown. *Bruney* at 365. Despite the fact that an application of § 331 to § 923(b) rendered the penalty void for vagueness,[6] the Court held that 14 V.I. CODE ANN. § 3(a)(1) applied, thereby supplying <u>a penalty where one was otherwise unascertainable</u>.[7] This residual provision provided a maximum punishment for § 923(b) so § 331 could be applied.

---

[6]    The "void for vagueness" doctrine, as applied to "due process" claims, is an argument used essentially against criminal statutes when a statute is unconstitutionally vague and/or ambiguous. *Donastorg v. Government of the Virgin Islands ex. rel*, 45 V.I. 259 (Terr. Ct. 2003).

[7]    In *Bruney*, because 14 V.I. CODE ANN. § 331 expressly provides that "whoever unsuccessfully attempts to commit an offense, shall ... be punished by ... imprisonment for <u>not more than one-half of the maximum term</u> ... <u>prescribed for the commission of the offense attempted</u>," a definite maximum penalty for the offense attempted was necessary, however, in the *case sub judice*, there is no "attempt" provision so the Court need not turn to § 3(a)(1). Assuming *arguendo*, that the Defendant in the case *sub judice* was charged with <u>attempted</u> trafficking marijuana, the Court would have to agree that § 3(a)(1) would be applicable.

While the step-by-step analysis was not completely disclosed as to how the *Bruney* court reached its decision in applying 14 V.I. CODE ANN. § 3(a)(1), it is apparent that the Court concluded that:

1. Murder in the second degree has a minimum mandatory sentence of five (5) years imprisonment;
2. Murder in the second degree does not have a maximum sentence;
3. The Virgin Islands attempt statute, 14 V.I. CODE ANN. § 331, creates a penalty consisting of one-half the <u>maximum term of the offense attempted</u>;
4. One-half of the unknown maximum for second degree murder is unascertainable;
5. Absent case law or a "savings/residual" statute, an unknown penalty provision violates the "void for vagueness" doctrine and renders the statute violative of the "due process" clause and thereby unconstitutional;
6. Title 1 V.I. CODE ANN. § 51 establishes a savings clause for statutes deemed void or unconstitutional. The provision states, in pertinent part:

   "[e]xcept as otherwise specifically provided, if any provision of this Code ... or the application of any such provision to any person, thing, or circumstance, is determined by any court of competent jurisdiction to be invalid, such determination of invalidity shall not affect, impair, or invalidate the other provisions, <u>or the application of the other provisions, of this Code ... which can be given effect</u> without the invalid provision or application, and to effect this purpose the provisions of this Code ... are severable." (Emphasis added).

7. Pursuant to § 51 the entire penalty aspect of 14 V.I. CODE ANN. § 923(b) was stricken for purposes of applying 14 V.I. CODE ANN. § 331;
8. Title 14 V.I. CODE ANN. § 3(a)(1) therefore became applicable, setting the maximum penalty at five (5) years;
9. One-half of the penalty supplied by section 14 V.I. CODE ANN. § 3(a)(1) is 2½ years.

Accordingly, the *Bruney* court determined that the maximum penalty that could be imposed on the Defendant for <u>attempted</u> murder in the second degree was 2½ years. Nonetheless, the *Bruney* court's holding

is inapplicable to the case *sub judice* because there is no "<u>attempt</u>" provision at issue and a minimum sentence is prescribed for violation of 19 V.I. CODE ANN. § 614a(a)(1)(A).

## III. CONCLUSION

The Defendant's reliance on 14 V.I. CODE ANN. § 3(a)(1) is misplaced. Section 3(a)(1) is inapplicable to 19 V.I. CODE ANN. § 614a(a)(1)(A) because the latter provides a <u>penalty</u>, albeit only the minimum penalty, for its violation. Although only a mandatory minimum sentence of three (3) years incarceration and a $25,000 mandatory fine, is provided, case law gives this Court broad discretion in determining the appropriate term of imprisonment under § 614a(a)(1)(A) when the statute is silent as to a maximum penalty for its violation. *Bruney* is distinguishable from the case *sub judice* inasmuch as the Defendant in *Bruney* was charged and convicted of attempted second degree murder. In that case, because application of the Virgin Islands attempt statute requires that a definite maximum penalty for the offense attempted be ascertained, the *Bruney* court ultimately found that 14 V.I. CODE ANN. § 3(a)(1) applied. In the case *sub judice*, however, no such attempt provision is at issue as the Defendant intends to plead guilty to aiding and abetting trafficking marijuana, in violation of 19 V.I. CODE ANN. § 614a(a)(1)(A).

Accordingly, the Court finds that the maximum sentence permitted for violations of 19 V.I. CODE ANN. § 614a(a)(1)(A) exceeds five (5) years, in the Court's discretion, and in fact may be any number of definite years, subject to *Warner, supra*, and the parole provisions of 5 V.I. CODE ANN. § 4601.[8]

---

[8]    Section 4601 provides, in pertinent part: "[e]xcept for a prisoner sentenced to a term of life imprisonment without parole, every prisoner confined in any penitentiary, jail or prison for a violation of the Virgin Islands law for a definite term or terms of over 180 days or for the term of his natural life, ... may be release on parole after serving one-half of such term or terms or after serving fifteen (15) years of a life sentence or of a sentence of 30 years or more or after serving the minimum sentence required by law, which ever is greater, ..."