**GOVERNMENT OF the VIRGIN ISLANDS, Appellee,**

v.

**Leslie A. JOSEPH, Appellant.**

**No. 84–3527.**

United States Court of Appeals, Third Circuit.

Argued April 24, 1985.

Decided June 21, 1985.

James W. Diehm, U.S. Atty., Andrew J. Reich (Argued), Asst. U.S. Atty., Christiansted, St. Croix, U.S. Virgin Islands, for appellee.

Michael A. Joseph (Argued), Federal Public Defender, Dist. of the Virgin Islands, Christiansted, St. Croix, U.S. Virgin Islands, for appellant.

Before ADAMS, GARTH and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Appellant Leslie A. Joseph was charged by information in the District Court of the Virgin Islands with the crime of rape in the first degree, V.I.Code Ann. tit. 14, § 1701 (1964),[1] but was convicted by a jury of the crime of rape in the third degree, V.I.Code Ann. tit. 14, § 1703 (Supp.1984).[2] Joseph contends that his conviction of an offense not charged in the information must be overturned. The government counters that the conviction was proper because third degree rape is a lesser included offense of first degree rape. We conclude that under the governing test of *Government of the Virgin Islands v. Bedford*, 671 F.2d 758 (3d Cir.1982), third degree rape is not an offense included in first degree rape because it requires proof of an element not required to prove first degree rape—that

**1.** § 1701. Rape in the first degree

Whoever perpetrates an act of sexual intercourse with a female not his wife—

(1) when through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, she is incapable of giving consent, or, by reason of mental or physical weakness or immaturity or any bodily ailment, she does not offer resistance;

(2) when her resistance is forcibly overcome;

(3) when her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her;

(4) when her resistance is prevented by stupor or weakness of mind produced by an intoxicating, narcotic or anaesthetic agent, or when she is known by the defendant to be in such state of stupor or weakness of mind from any cause; or

(5) when she is, at the time, unconscious of the nature of the act and this is known to the defendant—is guilty of rape in the first degree and shall be imprisoned not more than 20 years.

**2.** § 1703. Rape in the third degree

Whoever perpetrates an act of sexual intercourse with a female not his wife who is under 16 years of age but over 14 years of age, under circumstances not amounting to rape in the first degree, is guilty of rape in the third degree and shall be fined not more than $200 or imprisoned not more than one year, or both.

the victim was over fourteen but under sixteen years of age. Appellant's conviction of third degree rape thus reflects a variance between the information and verdict in violation of his right to be informed of the charge against him in advance of trial set forth in the sixth amendment to the United States Constitution and the Virgin Islands Bill of Rights, 48 U.S.C. § 1561 (1982). We hold that the variance between the information and the verdict constituted plain error requiring reversal of the conviction despite appellant's failure to object in the district court. Accordingly, we will reverse the judgment of the district court and remand with a direction to enter a judgment of acquittal.

## I.

On June 4, 1982, the United States Attorney charged appellant Joseph with perpetrating an act of sexual intercourse with June Hassan, a female not his wife, by forcibly overcoming her resistance in violation of V.I.Code Ann. tit. 14, § 1701(2). The case proceeded to trial, and at the close of all the evidence[3] the district court instructed the jury in the crimes of rape in the first degree and rape in the third degree, V.I.Code Ann. tit. 14, § 1703. Appellant's counsel did not object. The jury returned a verdict of guilty of rape in the third degree. Appellant then moved for judgment of acquittal on the ground, *inter alia*, that rape in the third degree is not a lesser included offense of rape in the first degree. The district court denied the motion and sentenced appellant to the maximum term of one-year imprisonment (consecutive to an unrelated term of incarceration). Joseph appeals.

## II.

### A.

■ "[A] defendant may be found guilty of an offense necessarily included in

the offense charged...." Fed.R.Crim.P. 31(c); *see also Government of the Virgin Islands v. Aquino*, 378 F.2d 540, 554 (3d Cir.1967). For third degree rape to be deemed an included offense of first degree rape, third degree rape must necessarily be perpetrated in order that first degree rape be perpetrated. *See id.* ("the lesser offense must be such that it is impossible to commit the greater offense without having first committed it"). Whether an offense is necessarily included in a greater offense is determined by the test announced in *Government of the Virgin Islands v. Bedford*, 671 F.2d 758 (3d Cir.1982):

> We adhere to the traditionally accepted test, derived from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for determining whether a particular crime is a lesser included offense of another crime. A lesser included offense is one that does not require proof of *any* additional element beyond those required by the greater offense. *See also Brown v. Ohio*, 432 U.S. 161, 164–69, 97 S.Ct. 2221, 2224–27, 53 L.Ed.2d 187 (1977). The elements of the offense are compared *in the abstract*, without looking to the facts of the particular case. *United States v. Lampley*, 573 F.2d 783, 789–90 (3d Cir.1978); *Government of the Virgin Islands v. Smith*, 558 F.2d 691, 695–96 (3d Cir. 1977).

*Id.* at 765 (emphasis in original).

■ A conviction for third degree rape, defined in § 1703, requires that the jury find the alleged victim to be under sixteen years of age but over fourteen years of age. First degree rape, defined in § 1701, does not have an age element. Under the *Bedford* test, therefore, third degree rape is clearly not a lesser included

---

3. June Hassan testified that appellant, whom she had met some time previously at a restaurant across the street from the high school she was attending, forced his way into her apartment, forced her into her bedroom and then raped her. She testified that she was 15 years old at the time of the offense. Ms. Hassan's testimony was corroborated in pertinent details by her mother. Appellant testified that Ms. Hassan was his girlfriend and consented to having sexual intercourse with him. He did not testify as to Ms. Hassan's age.

offense of first degree rape.[4] There was thus a variance between the information, which charged first degree rape, and the jury's verdict of guilty of rape in the third degree. We turn now to consideration of the consequences of such a variance.

### B.

■ An accused in a criminal case has "the right ... to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI; Virgin Islands Bill of Rights, 48 U.S.C. § 1561 (1982). A variance between the information and the verdict violates this fundamental right, and a verdict founded upon a crime not charged must be set aside. *Aquino,* 378 F.2d at 554.

The facts of this case run virtually on all fours with those of *Aquino.* In that case, the defendant and a co-defendant were charged with first degree rape. At the conclusion of the evidence, counsel for the government urged the jury in its summation to find Aquino guilty as an accessory after the fact in the event that they did not believe him guilty of first degree rape. The jury in its verdict expressly found Aquino " 'guilty of the lesser crime to wit accessory after the fact.' " *Id.* at 552.

This court held that accessory after the fact is not a lesser included offense of first degree rape, and that the variance between the information and the verdict required entry of a judgment of acquittal. We pointed out the fundamental unfairness in convicting the defendant of a crime not charged: "One who is charged with having committed the offense of rape can hardly know that he should prepare a defense to a claim that he had assisted someone else, who had committed the crime, to avoid apprehension or punishment." *Id.* at 554.

■ Here Joseph was charged with forcibly raping Ms. Hassan. The information did not put him on notice that he would have to prepare a defense to the claim that, even if Ms. Hassan voluntarily consented to the act of intercourse, she was between the ages of fourteen and sixteen when it occurred. By permitting the jury to convict Joseph of third degree rape—a strict liability offense—the court rendered appellant's theory of defense—consent—totally ineffective. Moreover, because age was not identified as an issue in the case prior to the jury charge, the only evidence of Ms. Hassan's age was her seemingly unimportant testimony that she was fifteen at the time the alleged rape took place.[5] Al-

---

**4.** The government, recognizing the weakness of its position, urges us to overrule *Bedford* and adopt the "inherent relationship" test followed by several other circuits for identifying lesser included offenses. These courts focus on the evidence adduced at trial in addition to the abstract elements of the offenses in determining whether one offense is a lesser included offense of another. They hold one offense to be included in another where the two offenses

> 1) Relate to the protection of the same interests and,
> 2) Are so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.

*See United States v. Johnson,* 637 F.2d 1224, 1236 (9th Cir.1980); *United States v. Pino,* 606 F.2d 908, 916 (10th Cir.1979); *United States v. Stolarz,* 550 F.2d 488, 491 (9th Cir.), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977); *United States v. Whitaker,* 447 F.2d 314, 318–19 (D.C.Cir.1971).

We doubt that third degree rape would be considered included within the offense of first de-

gree rape even under the inherent relationship test. In any case, this panel is not at liberty to disregard precedent established by another panel of this court, Internal Operation Procedures VIII C, and so we adhere to the *Bedford* test.

**5.** Joseph argues that Ms. Hassan's testimony as to her own age was inadmissible as relating information obtained through hearsay. This contention is without merit for two reasons. First, courts have uniformly accepted testimony regarding one's own age despite its hearsay nature because, practically speaking, "a person's belief on this point has a satisfactory basis." 2 J. Wigmore, *Evidence in Trials of Common Law* § 667 (J. Chadbourn rev. 1979); *see also Antelope v. United States,* 185 F.2d 174, 175 (10th Cir.1950). Second, the date of one's birth can be considered reputation concerning personal or family history, for which an exception has been made to the hearsay rule under the Federal Rules of Evidence. *See* Fed.R.Evid. 803(19); 5 J. Wigmore, *Evidence in Trials of Common Law* § 1493 (J. Chadbourn rev. 1979).

though unlikely, it is certainly possible that Ms. Hassan erred as to her age at the relevant time and that Joseph could have disputed her testimony had he been aware of its importance and given time to prepare an appropriate defense. The variance between the information and the verdict thus violated Joseph's right to be notified of the charge against him so that he could adequately defend himself at trial.[6]

## III.

The government's fall-back position is that, assuming a variance between the information and the verdict, appellant waived his right to appeal on this ground because he failed to object at trial to the district court's jury instruction on third degree rape. Rule 30 of the Federal Rules of Criminal Procedure states that "[n]o party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The government relies on *United States v. Provenzano*, 334 F.2d 678, 690 (3d Cir.), *cert. denied*, 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544 (1964), where we noted:

It is of course fundamental that as a general rule the failure to object to an instruction during a criminal prosecution on the ground urged on appeal, forecloses the party from raising the question before the reviewing court. . . . The manifest purpose of the rule is to avoid whenever possible the necessity of a time-consuming new trial by providing the trial judge with an opportunity to correct any mistakes in the charge.

*See also Government of Virgin Islands v. Testamark*, 570 F.2d 1162, 1168 (3d Cir.

1978); *Government of the Virgin Islands v. Navarro*, 513 F.2d 11, 16 (3d Cir.), *cert. denied*, 422 U.S. 1045, 95 S.Ct. 2662, 45 L.Ed.2d 698 (1975); *United States v. Kenny*, 462 F.2d 1205, 1228 (3d Cir.), *cert. denied sub nom. Murphy v. United States*, 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972).

■ The government's position cannot prevail. A defendant may preserve an issue for appeal, despite the failure to object, if the district court's action constituted plain error affecting substantial rights. Fed.R.Crim.P. 52(b); *see United States v. Logan*, 717 F.2d 84, 91 n. 13 (3d Cir.1983); *United States v. Palmeri*, 630 F.2d 192, 201 (3d Cir.1980), *cert. denied*, 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981); *United States v. Gallagher*, 576 F.2d 1028, 1043–44 (3d Cir.1978), *cert. dismissed*, 444 U.S. 1040, 100 S.Ct. 713, 62 L.Ed.2d 675 (1980). According to *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982), recourse may be had when "a trial [is] infected with error so 'plain' the trial judge and prosecutor were derelict in countenancing it. . . ." *See also United States v. Dalfonso*, 707 F.2d 757, 761 (3d Cir.1983) ("the error must be egregious or otherwise constitute a manifest miscarriage of justice"). Whether in any given instance the claimed error, which was not preserved, will be of sufficient dimension to result in a miscarriage of justice and thus constitute plain error, is a question to be determined in the individual case. *See United States v. Young*, —— U.S. ——, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).

■ The district court's instruction to the jury on rape in the third degree falls within the plain error doctrine. The variance between the information and the verdict, facilitated by the court's jury instruc-

---

6. We cannot construe the court's instruction on third degree rape as an amendment of the information permitted by Fed.R.Crim.P. 7(e), which provides:

The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged

and if substantial rights of the defendant are not prejudiced.

There can be no question that, by not permitting Joseph the opportunity to prepare an adequate defense, the variance in this case prejudiced Joseph's "substantial rights." *See Aquino*, 378 F.2d at 554; *cf. Bedford*, 671 F.2d at 765–66.

tion, left appellant without the ability to defend himself appropriately and thus constituted "a manifest miscarriage of justice." *Dalfonso,* 707 F.2d at 761.

Since in the instant case the error in the court's charge has resulted in a miscarriage of justice and meets all other criteria for our review under plain error, our decision here should not be taken to vitiate the general rule that objections to any portion of the charge must be timely raised before the trial court. *See United States v. Graham,* 758 F.2d 879 (3d Cir.1985); *United States v. Gibbs,* 739 F.2d 838 (3d Cir.1984) (in banc), *cert. denied,* — U.S. —, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985). Such a rule, by affording the trial judge an opportunity to correct asserted errors, is designed precisely to prevent the problem presented by this appeal. Had the district court judge been informed of Joseph's objection to the charge, there is little doubt that, in light of the precedents of this court on the basis of which we now reverse, *see, e.g., Aquino,* the instruction would have been corrected.

## IV.

The variance between the information and the verdict violated Joseph's fundamental right to be informed of the nature of the accusation against him prior to trial, U.S. Const. amend. VI; 48 U.S.C. § 1561 (1982). Although objection to the jury charge on third degree rape was not interposed at trial, the district court's action amounted to plain error. The verdict finding Joseph guilty of third degree rape, reached after he was charged only with having committed rape in the first degree, must therefore be set aside. *Aquino,* 378 F.2d at 554.[7] Accordingly, we will reverse the judgment of the district court with directions to enter a judgment of acquittal. The mandate shall issue forthwith.

**7.** We express no view whether the evidence presented against Joseph would have been sufficient to convict him of third degree rape had the information so charged, *see Aquino,* 378 F.2d at

554, nor do we express a view whether reprosecution of Joseph would be barred by the relevant statute of limitations for third degree rape or by double jeopardy.