

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2007

# USA v. Anderson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Anderson" (2007). *2007 Decisions.* Paper 1585.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1585

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2346
_____

UNITED STATES OF AMERICA

v.

ALAN ANDERSON,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00602-1)
District Judge:  Honorable Jan E. DuBois
_____

Argued January 8, 2007
Before:  McKEE, AMBRO and FISHER, *Circuit Judges*.

(Filed: February 22, 2007)

Lynanne B. Wescott (Argued)
239 South Camac Street
Philadelphia, PA  19107

Gail Z. Weilheimer
Frank, Rosen, Snyder & Moss
8380 Old York Road, Suite 410
Elkins Park, PA  19027
        *Attorneys for Appellant*

Maureen Barden
Robert A. Zauzmer (Argued)
Jack Stollsteimer
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106
     *Attorneys for Appellee*

—————————

OPINION OF THE COURT

—————————

FISHER, *Circuit Judge*.

Appellant Alan Anderson argues that legally correct jury instructions given by the District Court at his trial for mail fraud and tax evasion changed the theory of the Government's case from the one set forth in the indictment to one that had no basis in the evidence. Although trial counsel for Anderson never objected to these legally correct charges, Anderson asks this Court to reverse and remand the judgment below as an exercise of our discretion to correct plain errors that are prejudicial. We find that no error at all occurred in this case, and, for the reasons that follow, will affirm the judgment of the District Court.

I.

As we write only for the parties, we forgo a lengthy recitation of the facts. Anderson worked as a sales representative for R.J. Reynolds Tobacco (RJR) from November 4, 1998 to May 8, 2000. During that time, Anderson carried out a scheme to defraud his employer centering on promotional and marketing discounts given by RJR to

2

high-volume retailers in the form of payback checks and vouchers. As a sales rep, Anderson was responsible for determining who would qualify for the promotional checks and vouchers. In return for a kickback of about half the face value of the checks, Anderson would have checks and vouchers sent through the mail to low-volume retailers who in fact did not qualify. The checks ranged in value from $600 to $8,000 and Anderson gained a total of about $160,000 from the scheme. Anderson did not report this illicit income on his tax returns for the years 1999 or 2000, and consequently deprived the United States of about $40,000 in revenue. On September 18, 2003, Anderson was indicted and charged with sixteen counts of mail fraud in violation of 18 U.S.C. § 1341 and two counts of tax evasion in violation of 26 U.S.C. § 7201.

At the charging conference, jury instructions on the elements of a "scheme to defraud" under 18 U.S.C. § 1341 were discussed. Specifically, the conversation focused on two paragraphs – one that stated "it is not necessary for the Government to prove that the defendant was actually successful" and one that referred to "an unsuccessful scheme." The attending Government attorney observed "I think these two paragraphs just aren't relevant." Defense counsel responded "I have no objection to deleting the last paragraph, beginning with "an unsuccessful scheme." The trial judge agreed, stating "I think it's a good idea and my view is, the shorter the charge, the better a jury grasps the issues." With all in agreement, the paragraphs were deleted.

During its deliberations, the jury sent a note to the trial judge asking the following question: "To be mail fraud, does the defendant have to receive money or property, or

does the act of trying to obtain money or property constitute mail fraud?" Obviously, the deleted paragraphs addressed that question directly insofar as they made clear that an unsuccessful attempt was still mail fraud under the statute. Consequently, the Government offered its original, annotated copy of the jury instructions, suggesting that the omitted paragraphs be read to the jury. Counsel for Anderson did not object to the supplemented jury instructions and instead affirmatively agreed to the reading of those paragraphs. With all in agreement again, the trial judge re-read the legally correct jury instructions supplemented by the omitted paragraphs, which are as follows:

> It is not necessary for the Government to prove that the defendant was actually successful in defrauding anyone or successful in obtaining money or property by means of false or fraudulent pretenses, representations or promises. It is not necessary for the Government to prove that anyone lost any money or property as a result of the scheme or plan to defraud. An unsuccessful scheme to defraud is as illegal as a scheme or plan that is actually successful.

The jury then returned a verdict finding Anderson guilty on thirteen counts of mail fraud and two counts of tax evasion. Anderson filed a timely appeal, alleging for the first time that the reading of the jury instructions as supplemented was improper.

## II.

The District Court had jurisdiction over these criminal proceedings pursuant to 18 U.S.C. § 3231. Anderson filed a timely appeal, and we have jurisdiction over the final judgment of the District Court under 28 U.S.C. § 1291. Because trial counsel for Anderson failed to object to the jury instruction at trial, we review the proceedings for plain error, that is, one that is "clear" and "affects the defendant's substantial rights."

4

*United States v. Nappi*, 243 F.3d 758, 762 (3d Cir. 2001). Reversal is permissive, not mandatory, under Federal Rule of Criminal Procedure 52(b) and in this case we "exercise our discretion to order such a correction only if the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)) (internal citations omitted). The burden is on Anderson to demonstrate that plain error occurred. *Id.*

### III.

It is undisputed that the challenged jury instruction in its entirety was a correct statement of the law. In addition, throughout the proceedings the Government asserted that Anderson had committed mail fraud under 18 U.S.C. § 1341, the same crime for which he was indicted and eventually convicted. In alleging that the supplemented jury instructions "changed the government's theory of the case," it is unclear whether Anderson believes the jury instructions created a "variance" or rather a "constructive amendment" of the indictment.[1] However, we need not resolve this ambiguity as it is

---

[1]Anderson's opening brief does not explicitly mention "variance" or "constructive amendment" or cite any cases specifically addressing these claims, but his reply brief does argue a constructive amendment occurred. Were it not so clear that this argument has no merit, we might otherwise conclude that Anderson waived it by failing to meet the specificity requirements of Federal Rule of Appellate Procedure 28. *See Fed. R. App. P.* 28(a)(9)(A)("[A]rgument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ."); *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief . . . .").

clear that neither occurred. As we explained in *United States v. Somers*, 496 F.2d 723 (3d Cir. 1974), there are two types of variations between the indictment and evidence that may form the basis for reversal of a conviction: (1) amendments, which occur "when the charging terms of the indictment are altered, either literally or [constructively], by prosecutor or court after the grand jury has last passed upon them," and (2) variances, "where the charging terms are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *Id.* at 743 (citation omitted).

In this case, the grand jury's indictment specifically charged Anderson with mail fraud in violation of 18 U.S.C. § 1341[2] and tax evasion in violation of 26 U.S.C. § 7201. The Government's "theory of the case" throughout the proceedings was that Anderson violated 18 U.S.C. § 1341 through a scheme to defraud involving the U.S. Postal Service, and then failed to report the illegal proceeds of that fraudulent activity as taxable income. A constructive amendment occurs only when jury instructions broaden the scope of the indictment by permitting conviction for an uncharged offense. *See*, *e.g.*, *Government of the V.I. v. Joseph*, 765 F.2d 394, 397-99 (3d Cir. 1985) (finding constructive amendment occurred where indictment charged first-degree rape and court's instruction to jury

_____

[2] § 1341 states, in relevant part:
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . . or knowingly causes to be delivered by mail or such carrier according to the direction thereon . . . shall be fined under this title or imprisoned not more than 20 years, or both . . . .

6

allowed conviction of entirely separate charge of third-degree rape). Here the jury

convicted Anderson of the precise crimes with which he was charged in the indictment, a

scheme to defraud under 18 U.S.C. § 1341 and tax evasion under 26 U.S.C. § 7201. The

jury instruction charge, which simply states the correct legal standard for finding an

individual liable under § 1341, therefore did not constructively amend Anderson's

indictment. Rather, it merely identified the alternative grounds for finding him liable for

the same charge. *See United States v. Navarro*, 145 F.3d 580, 584 (3d Cir. 1998) (finding

no constructive amendment where jury instructions included three possible mental states

although prosecution focused on only one state).

Furthermore, there was no variance between the facts alleged and the evidence

proved at trial. Anderson argues that the Government conceded during the charging

hearing that there was no evidentiary support for the jury instruction that Anderson could

be liable under § 1341 for an unsuccessful attempt to defraud. This argument is

unpersuasive. It is illogical in that the Government clearly believed and asserted

throughout the trial that there was a sufficient foundation in the evidence to support a

charge of successful mail fraud. Implicit in the assertion that there is sufficient

evidentiary support for a successful effort to defraud is the proposition that there is

sufficient evidence for an unsuccessful effort to defraud. Furthermore, we do not believe

Anderson is correct in his assertion that the Government "acknowledged" and "frankly

admitted" that there was no support for the jury instruction charge on an unsuccessful

attempt. The Government stated that it believed the additional paragraphs on an

7

unsuccessful scheme "just aren't relevant." It is not the Government's position that evidence did not support such a charge. Rather, it maintains that the paragraphs were "superfluous" and that it believed originally that they would needlessly complicate and confuse the issues. *See* Appellee's Br. 12.

Finally, the jury found Anderson guilty of tax evasion for failing to report the proceeds of his fraudulent mail scheme. Clearly, both the grand jury and trial jury concluded Anderson's mail fraud was "successful," otherwise there would have been no illegal income to fail to report. Anderson argues it is impermissible to consider the tax evasion charges as proof that the jury found his mail fraud scheme successful. To do so, he asserts, would require us to rely on a "pattern of convictions," a rationale which Anderson argues we disavowed in *United States v. Syme*, 276 F.3d 131, 155 (3d Cir. 2002) ("We do not believe that the 'pattern of convictions' is sufficient to support the conclusion that the government urges us to draw about the jury's motivations, *i.e.*, that it relied on the chart and ignored the Court's instructions.").

This is not a case, however, where we are speculating as to a jury's motivations, as in *Syme*. Rather, we are drawing a necessary inference from the jury's conclusion that Anderson was guilty of tax evasion for failing to report the proceeds of his fraudulent scheme. We know that the jury concluded that Anderson was successful in his fraudulent scheme because, as a matter of simple logic, such a conclusion was a necessary precondition to a finding that Anderson was guilty of tax evasion. Had Anderson not

8

been successful at his fraudulent scheme, there would have been no fraudulent proceeds to fail to report in violation of 26 U.S.C. § 7201.

IV.

Anderson was charged with and convicted of the offenses of mail fraud and tax evasion. The challenged jury instructions were legally correct and in no way amended or varied from the charges against him. Therefore, no error at all occurred in this case, let alone plain error, and we will affirm the judgment of the District Court.