NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1747

_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

STACEY AMBROSE,
                              Petitioner

_____

On Writ of Certiorari from the Supreme Court
of the Virgin Islands
(S. Ct. No. 2007-00041)

_____

Argued: December 15, 2010

Before: McKEE, *Chief Judge*, FUENTES and
SMITH, *Circuit Judges*

(Opinion filed: July 21, 2011)

PAMELA LYNN COLON, ESQ.  (Argued)
Law Office of Pamela Lynn Colon, Esq.
27 & 28 King Cross Street, 1st Floor
Christiansted, St. Croix
United States Virgin Islands
*Attorney for Petitioner*

VINCENT F. FRAZER, ESQ.
Attorney General
ELLIOTT M. DAVIS, ESQ.
Solicitor General
MATTHEW PHELAN, ESQ. (Argued)
Assistant Attorney General
3439 Kronprindsens Gade

GERS Complex, 2nd Floor
St. Thomas, United States Virgin Islands
*Attorneys for Respondent*

OPINION

PER CURIAM

We granted Stacey Ambrose's petition for a writ of certiorari to review a decision

of the Supreme Court of the Virgin Islands which reversed his convictions for third

degree assault and unlawful possession of a firearm during the commission of a crime of

violence. The Supreme Court remanded his case to the Superior Court of the Virgin

Islands for a new trial.  However, for the reasons that follow, we find that the writ of

certiorari was improvidently granted and we will therefore dismiss the writ for lack of

jurisdiction.

**I.**

Following  a jury trial in the Superior Court,  Ambrose was convicted of third

degree assault (Count 1) and unlawful possession of a firearm during the commission of a

crime of violence (Count 2).  The trial judge sentenced Ambrose to 5 years imprisonment

on Count 1 and 15 years imprisonment on Count 2, consecutive to Count 1.

Thereafter, Ambrose appealed to the Supreme Court of the Virgin Islands.  He

raised four issues: (1) a Sixth Amendment jury unanimity argument; (2) a Sixth

Amendment argument based on the variance between the amended and superseding

amended informations and the verdict; (3) an argument that there was insufficient

evidence to convict him of the weapon possession charge; and (4) a Confrontation Clause

challenge to that same conviction based on the admission of a handgun license report

2

prepared by a police officer who did not testify at trial. Ambrose sought a remand to the

Superior Court with instructions to enter judgments of acquittal on Counts 1 and 2.

The Supreme Court reversed the convictions on Counts 1 and 2 and remanded for

a new trial, after finding a lack of juror unanimity. *Ambrose v. People of the Virgin

Islands*, 2008 WL 5422862 (V.I. Dec. 18, 2008). In doing so, the Court noted that

Ambrose had raised other arguments but concluded that "it is not necessary" to address

them in light of its favorable ruling on the juror unanimity issue. *Id*. at \*1 n.2 and n.4.

Ambrose then filed this petition for a writ of certiorari pursuant to 48 U.S.C. §

1613 and Third Circuit LAR 112.2.[1] We granted the writ by an order dated May 29,

2009. The order reads as follows:

> The foregoing petition for a writ of certiorari is granted
> limited to the following questions: (1) whether petitioner was
> entitled to relief on the merits of his arguments based on the
> filing of multiple criminal informations against him and that
> his conviction on Count Two (weapon possession) was not
> supported by sufficient evidence; (2) whether relief on either
> of those arguments would have entitled petitioner to a remand
> with an instruction to enter a judgment of acquittal instead of
> a remand for a new trial, see, e.g., Burks v. United States, 437
> U.S. 1, 15-18 (1978); McMullen v. Tennis, 562 F.3d 231, 237
> (3d Cir. 2009); Government of the Virgin Islands v. Joseph,
> 765 F.2d 394, 396, 399 (3d Cir. 1985); and (3) whether the
> Virgin Islands Supreme Court erred in declining to address
> those arguments. In addition to these questions, the parties
> are directed to brief the issue of whether this Court has
> jurisdiction pursuant to 48 U.S.C.§ 1613 given the Virgin
> Islands Supreme Court's decision to remand this matter for
> retrial.

48 U.S.C. § 1613 provides as follows:

---

[1] Third Circuit LAR 112.2 explains how to petition for a writ of certiorari.

3

The relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, and other matters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings: *Provided,* That for the first fifteen years following the establishment of the appellate court authorized by section 1611(a) of this title,[2] *the United States Court of Appeals for the Third Circuit shall have jurisdiction to review by writ of certiorari all final decisions of the highest court of the Virgin Islands from which a decision could be had.* The Judicial Council of the Third Circuit shall submit reports to the Committee on Energy and Natural Resources of the Senate and the Committee on Natural Resources of the House of Representatives at intervals of five years following the establishment of such appellate court as to whether it has developed sufficient institutional traditions to justify direct review by the Supreme Court of the United States from all such final decisions. The United States Court of Appeals for the Third Circuit shall have jurisdiction to promulgate rules necessary to carry out the provisions of this section.

(emphasis added).

For our purposes, the emphasized portion of the text of § 1613 is crucial because it

limits our jurisdiction to reviewing "*final decisions* of the highest court of the Virgin

Islands from which a decision could be had." 48 U.S.C. § 1613.   The Supreme Court's

order here is not a "final decision" because it remands Ambrose's case to the Superior

Court for further proceedings, i.e.,  a retrial on Counts 1 and 2.  The remand for a new

---

[2] Which provides: "The judicial power of the Virgin Islands shall be vested in a court of record designated the 'District Court of the Virgin Islands' established by Congress, and in such appellate court and lower local courts as may have been or may hereafter be established by local law."  48 U.S.C. § 1611(a).

4

trial creates a particularly serious problem when considering finality. As we have just noted, the Supreme Court reversed both convictions and remanded for a new trial, and therefore concluded that it did not have to address the other issues Ambrose raised in his appeal. The Court's failure to address the remaining issues is problematic given the remand for a new trial.

The remedy for most kinds of trial error is a new trial, not a judgment of acquittal, because the Double Jeopardy Clause usually does not bar a new trial when a conviction is set aside on appeal. *See, e.g., McMullen v. Tennis*, 562 F.3d 231, 237 (3d Cir. 2009). This principle clearly applies to Ambrose's arguments regarding juror unanimity, *see Evans v. Court of Common Pleas*, 959 F.2d 1227, 1236 (3d Cir. 1992) (double jeopardy clause does not bar retrial when jury fails to reach unanimous verdict), and the Confrontation Clause. *See United States v. Chandler*, 326 F.3d 210, 225 (3d Cir. 2003) (remanding for a new trial following Confrontation Clause violation). This principle, however, does not apply when an appellate court sets aside a verdict because it is not supported by sufficient evidence. *See McMullen*, 562 F.3d at 237 (discussing, *inter alia, Burks v. United States*, 437 U.S. 1 (1978)). There, the proper remedy is a remand with an instruction to enter a judgment of acquittal. *See id*. This follows from the fact that an appellate ruling that the evidence submitted to the jury was insufficient to convict is the functional equivalent of an acquittal for double jeopardy purposes; thus, no retrial can occur without violating the prohibition against Double Jeopardy. *Id*.

As noted, in his appeal to the Supreme Court, Ambrose claimed that there was insufficient evidence to sustain his weapon possession conviction, but the claim was not

5

addressed because of the Court's favorable ruling on his challenge to the jury's unanimity. However, remanding for a new trial under the circumstances here was inconsistent with the protection against Double Jeopardy because Ambrose was thereby exposed to a retrial even though the original guilty verdict may not have been supported by evidence that was sufficient to establish his guilt beyond a reasonable doubt. If he could have established such a failure of proof, he would have been entitled to a judgment of acquittal, not a retrial which would have allowed the government the proverbial "second bite of the apple." *See, e.g., United States v. Dotson*, 871 F.2d 1318, 1324 (6th Cir. 1989) ("While we have determined that the jury charge on these counts was inadequate, we find it necessary to consider the sufficiency-of-the-evidence issue in order to determine the proper scope of our remand. If the evidence at trial was insufficient to support [defendant's] conviction . . . then we would be compelled to remand for an entry of judgment of acquittal. If, on the other hand, the evidence was sufficient . . . we would merely remand for further consistent proceedings. The sufficiency-of-the-evidence issue is therefore necessary for the resolution of our case.") (citations omitted).

The Court's failure to address Ambrose's claim of a variance between the informations and the verdict creates a similar problem. On two occasions, we have remanded for the entry of a judgment of acquittal instead of a new trial after granting relief on variance arguments similar to Ambrose's. *See Government of the Virgin Islands v. Joseph*, 765 F.2d 394, 399 (3d Cir. 1985); *Government of the Virgin Islands v. Aquino*, 378 F.2d 540, 554 (3d Cir. 1967). Once again, the Supreme Court's remand for a new trial is in potential violation of Ambrose's Double Jeopardy rights.

6

We are therefore faced with reviewing an order of the Virgin Islands Supreme

Court that is not final on its face as it remands for further proceedings. Yet, which may

be final insofar as it allows Ambrose to be subjected to a retrial that would violate his

Fifth Amendment guarantee against Double Jeopardy from which he would have no

appeal because any appeal would necessarily come after the very trial that would violate

his Fifth Amendment protection. It is within this procedural context that we must

determine if the Supreme Court's order remanding for a new trial is a "final decision"

over which we have *certiorari* review.

To further complicate things, the order granting the writ of certiorari specifically

directed the parties to "brief the issue of whether this Court has jurisdiction pursuant to

48 U.S.C. § 1613 given the Virgin Islands Supreme Court's decision to remand this

matter for retrial." However, for reasons known only to defense counsel and the

government, neither Ambrose nor the Government of the Virgin Islands has bothered to

address that all important issue.[3] Rather, both counsel completely ignored that portion of

our order. Instead, they simply pasted boilerplate into their briefs stating that we have

jurisdiction pursuant to 48 U.S.C. § 1613 and Third Circuit LAR 112.2.

Nevertheless, "we have a special obligation to satisfy ourselves of our own

jurisdiction even if the parties agree that we have jurisdiction." *In re Seven Fields*

*Development Corp.*, 505 F.3d 237, 244 n.4 (3d Cir. 2007) (citation, internal quotation

---

[3] The parties also did not bother to brief the issue of whether the Supreme Court of the
Virgin Islands erred in declining to address the first two issues upon which the writ was
granted.

marks and brackets omitted).

Here, we cannot conclude that the order of the Supreme Court is final because it contemplates additional proceedings on remand to the trial court. Accordingly, we find that the writ of certiorari was improvidently granted and will dismiss the writ of lack of jurisdiction.

McKEE, *Chief Judge*, concurring.

Because we must dismiss the writ of certiorari as improvidently granted, the order of the Supreme Court of the Virgin Islands remains in place. *See Alvarez v. Smith*, __ U.S. __, 130 S.Ct. 576, 584 (2009) (Stevens, J., concurring in part and dissenting in part). However, as explained, that order, remanding for a new trial on Counts 1 and 2, implicates Ambrose's important constitutional right under the Double Jeopardy Clause not to again stand trial on charges for which he contends he is entitled to judgments of acquittal. Therefore, in order to avoid a violation of that important right, I strongly suggest that the Supreme Court of the Virgin Islands vacate *sua sponte* its December 18, 2008 remand order, reopen Ambrose's appeal and address his arguments that he is entitled to judgments of acquittal on Counts 1 and 2. That is the only way to rescue this appeal from the procedural limbo that could otherwise result as any further proceeding in the trial court to resolve the questions left unanswered by the Supreme Court would pose a serious conflict with the Double Jeopardy Clause if either of his two unanswered claims is determined to have merit.