**STACEY AMBROSE, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2007-0041

Supreme Court of the Virgin Islands

January 3, 2012

PAMELA L. COLON, ESQ., EMILY SHOUP, ESQ., St. Croix, USVI, *Attorneys for Appellant.*

BERNARD VANSLUYTMAN, ESQ., Solicitor General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and BRADY, *Designated Justice.*[1]

## OPINION OF THE COURT

(January 3, 2012)

PER CURIAM. This Court, in a December 18, 2008 Opinion, reversed Appellant Stacey Ambrose's convictions for third degree assault in violation of title 14, section 297(2) and unlawful possession of a firearm in violation of title 14, section 2253(a) of the Virgin Islands Code, and ordered a new trial due to the absence of juror unanimity. *See Ambrose v. People*, 50 V.I. 325 (V.I. 2008). While Ambrose timely filed a petition for rehearing, the United States Court of Appeals for the Third Circuit granted Ambrose's petition for writ of certiorari before this Court could rule on the petition, thus divesting this Court of jurisdiction. After the Third Circuit ultimately dismissed the certiorari petition for lack of jurisdiction and as improvidently granted, *see Gov't of the V.I. v. Ambrose*, 453 Fed. Appx. 157 (3d Cir. 2011), this Court granted rehearing in a November 29, 2011 Order for the purposes of determining whether Ambrose is entitled to an outright acquittal of all charges as opposed to the new trial ordered in the December 18, 2008 Opinion. Specifically, Ambrose contends that he is entitled to a judgment of acquittal instead of a new trial because (1) the Superior Court erred in allowing amendments

---

[1] Associate Justice Maria M. Cabret has been recused from this matter. The Honorable Julio A. Brady sits in her place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

to the information at the close of evidence, and (2) the People introduced insufficient evidence that to sustain his conviction for unlawful possession of a firearm. For the reasons that follow, we hold that Ambrose is not entitled to a judgment of acquittal, and remand the matter for a new trial for the reasons given in the December 18, 2008 Opinion.

## I. AMENDMENT OF INFORMATION

Because the facts of this case have been fully summarized in this Court's December 18, 2008 Opinion, we only set forth those relevant to the two issues considered on rehearing. On the morning of trial, the Superior Court permitted the People to file an "Amended Information," which read, in·pertinent part, as follows:

### COUNT ONE

That STACEY AMBROSE, did assault Ruby Vidal with a deadly weapon by pointing a gun at her and threatening to kill her, STACEY AMBROSE and RUBY VIDAL having been in an intimate relationship, an act of domestic violence, in violation of Titles 14 V.I.C. § 297(2) and 16 V.I.C. § 91(b)(1) (ASSAULT THIRD DEGREE/DOMESTIC VIOLENCE).

### COUNT TWO

That STACEY AMBROSE, did unlawfully possess a firearm, namely a handgun in violation of Title 14 V.I.C. § 2253(a), (UNLAWFUL POSSESSION OF A FIREARM).

(J.A. 28-29.) However, at the close of all evidence, the Superior Court permitted the People to file an "Amended Superceding [sic] Information," which read, in pertinent part, as follows:

### COUNT ONE

That STACEY AMBROSE, did assault Ruby Vidal with a deadly weapon by pointing a gun at her, striking her with the gun and threatening to kill her, STACEY AMBROSE and RUBY VIDAL having been in an intimate relationship, an act of domestic violence, in violation of Titles 14 V.I.C. § 297(2) and 16 V.I.C. § 91(b)(1) (ASSAULT THIRD DEGREE/DOMESTIC VIOLENCE).

102

## COUNT TWO

That STACEY AMBROSE, did unlawfully possess a firearm, when not authorized by law to do so, namely a handgun in violation of Title 14 V.I.C. § 2253(a), (UNLAWFUL POSSESSION OF A FIREARM).

(J.A. 43-44.) In addition, Ambrose contends that, when the Superior Court added the phrase "during the commission of a crime of violence" to its final jury instructions for Count Two, it authorized a constructive oral amendment to the information. According to Ambrose, he is entitled to an acquittal on both counts on the grounds that his right to notice under the Sixth Amendment[2] was violated because (1) the addition of the phrase "striking her with the gun" to Count One resulted in a new offense being charged for which Ambrose was unable to defend against, and (2) the "during the commission of a crime of violence" language in the jury instructions resulted in Ambrose being charged with a different crime — unlawful possession of a firearm during a crime of violence — that carries a significantly higher statutory penalty.

### A. Count One

 We hold that, with respect to Count One, Ambrose's argument lacks merit. To satisfy the Sixth Amendment, "an information [must] state the elements of an offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend against." *Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir. 1986) (citing *Russell v. United States*, 369 U.S. 749, 763-64, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962)). According to Ambrose, he should receive an acquittal as a remedy — as opposed to a new trial — because the "striking her with the gun" language charged a new offense since "[t]he Amended Information failed to allege that [Ambrose] had an immediate intention to commit a battery" and therefore purportedly "failed to charge any crime." (Appellant's Br. 11.) However, the Virgin Islands Code defines assault in

---

[2] The Sixth Amendment of the United States Constitution applies to the Virgin Islands. *See* Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86-88 (1995) (preceding V.I. CODE ANN. tit. 1) ("The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands . . . and shall have the same force and effect there as in the United States . . . the first to ninth amendments inclusive. . . .").

the third degree as any circumstance — other than a first or second degree assault — in which an individual "assaults another with a deadly weapon," 14 V.I.C. § 297(2), with "assault" defined as "attempt[ing] to commit a battery; or . . . mak[ing] a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery." 14 V.I.C. § 291(1)-(2). Contrary to Ambrose's claim that Count One, as charged in the Amended Information, failed to allege all the elements of third degree assault, the phrases "pointing a gun at her" and "threatening to kill her" — which were found in both the Amended Information and the Amended Superseding Information — clearly alleged a "threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery." 14 V.I.C. § 291(2). Significantly, it is well established that the mere presence of a gun is sufficient to establish an offense under section 291(2), even if the gun is not even pointed at the victim. *See Gov't of the V.I. v. Berry*, 604 F.2d 221, 228 n.14, 16 V.I. 614 (3d Cir. 1979). In other words, this case is distinct from *Gov't of the V.I. v. Joseph*, 765 F.2d 394 (3d Cir. 1985) and similar cases,[3] in that the amendment to the information did not require the People to prove any new or different elements that Ambrose was unable to defend against due to the timing of the amendment. Thus, Ambrose is not entitled to an acquittal because, under either charging instrument, the People could only obtain a conviction on Count One if it proved beyond a reasonable doubt that Ambrose had threatened Vidal with a gun, an accusation of which Ambrose clearly possessed advance notice and was prepared to defend against at trial.

---

[3] In *Joseph*, the trial judge's decision to instruct the jury on third degree rape as a lesser included offense to first degree rape resulted in a variance between the information and the verdict, in that third degree rape required the prosecution to prove the additional element that the alleged victim was under sixteen years of age but over fourteen years of age, whereas first degree rape contained no age element. 765 F.2d at 396. Thus, because "Joseph was charged with forcibly raping" the alleged victim, and "[t]he information did not put him on notice that he would have to prepare a defense to the claim that, even if [the alleged victim] voluntarily consented to the act of intercourse, she was between the ages of fourteen and sixteen when it occurred," he was unable to "prepare an appropriate defense," and had no reason to challenge the "seemingly unimportant testimony" from the alleged victim "that she was fifteen at the time the alleged rape took place." *Id.* at 397-98.

## B. Count Two

 Likewise, we hold that Ambrose is not entitled to an acquittal on Count Two. While Ambrose is correct that the Superior Court added an additional element that was not charged in either the Amended Information or the Amended Superseding Information — that Ambrose possessed the firearm "during the commission of a crime of violence" (J.A. 1425) — it is well established that section 2253(a) of title 14 "prescribes a single offense of unauthorized possession of which there are [only] two elements: one, that the defendant possessed a firearm and two, that the defendant [possessed] it without authorization of law," with the additional requirement that the defendant possessed the firearm "during the commission . . . of a crime of violence" merely enhancing the penalty for the offense. *United States v. Bruney*, 866 F.Supp. 874, 878-79, 30 V.I. 360 (D.V.I. 1994) (citing *United States v. Xavier*, 2 F.3d 1281, 1291, 29 V.I. 279 (3d Cir. 1993)); *see also Gov't v. Sampson*, 94 F. Supp. 2d 639, 642 n.2, 42 V.I. 247 (D.V.I. App. Div. 2000). In other words, to the extent the Superior Court's addition of the "during the commission of a crime of violence" language in the final jury instructions constituted an impermissible variance between the information and the verdict, the remedy would not be to grant a complete acquittal on the firearms charge, but instead to preclude the Superior Court from imposing the enhanced sentence. *See State v. Frazier*, 81 Wn.2d 628, 503 P.2d 1073, 1077-78 (Wash. 1972) (remanding for resentencing when sentence for offense enhanced based on element not included in the information); *cf. Pearson v. State*, 64 So.3d 569, 577 (Miss. Ct. App. 2011) (holding that remedy for prosecution's failure to prove sentencing enhancement charged in indictment is preclusion of sentencing enhancement, not setting aside underlying conviction). Moreover, it is not clear whether the Superior Court committed any constitutional error with respect to its addition of the "during the commission of a crime of violence" language, given that (1) Count One of the information charged Ambrose with third degree assault and expressly referenced a gun; (2) the Superior Court expressly identified third degree assault as the crime of violence; and (3) all versions of the information prior to the start of trial contained the "during the commission of a crime of violence" language. *See People v. Blanks*, No. E029005, 2002 Cal. App. Unpub. LEXIS 1019, at *15-16 (Cal. Ct. App. 2002) (affirming application of sentence enhancement for use of a firearm for count 17 of information, even though count 17 did not

reference a firearm, when counts 16 and 18, which related to the same events, referenced a firearm) (citing *People v. Neal*, 159 Cal. App. 3d 69, 205 Cal.Rptr. 384 (Cal. Ct. App. 1984)). However, because Ambrose has already received a new trial on other grounds — a greater remedy, since it may potentially result in an outright acquittal on this charge — it is not necessary for this Court to determine whether Ambrose would be entitled to re-sentencing as a remedy for the Superior Court's actions.

## II. SUFFICIENCY OF THE EVIDENCE

■ Finally, Ambrose contends that he is entitled to an acquittal on Count Two because the People failed to introduce sufficient evidence[4] that he was not authorized to carry a firearm. Specifically, Ambrose states that the only evidence the People introduced to prove that he was not authorized to possess a firearm was the testimony of Sergeant John Felicien, who testified that a search he conducted on July 29, 2004 revealed that Ambrose did not have a firearm license in the District of St. Croix, and a certificate signed by Sergeant Anthenia Brown stating that Ambrose did not have a license to possess a firearm in the District of St. Thomas on July 29, 2004. According to Ambrose, an acquittal is warranted because (1) Sergeant Brown's certificate was inadmissible under the Confrontation Clause of the Sixth Amendment because Sergeant Brown did not testify at trial, and (2) both the Amended Information and the Amended Superseding Information stated that all charged offenses occurred "on or about July 26, 2004."

---

[4] In *Latalladi v. People*, 51 V.I. 137, 145 (V.I. 2009), we refined the standard by which this Court reviews a challenge to the sufficiency of the evidence leading to conviction:

"When appellants challenge the sufficiency of the evidence presented at trial, it is well established that, in a review following conviction, all issues of credibility within the province of the jury must be viewed in the light most favorable to the government." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (citing *Glasser v. United States*, 315 U.S. 60, 80, 62 S. Ct. 457, 469, 86 L. Ed. 680 (1942)). The appellate court "must affirm the convictions if a rational trier of fact could have found the defendants guilty beyond a reasonable doubt and the convictions are supported by substantial evidence." *Id.* This evidence "does not need to be inconsistent with every conclusion save that of guilt" in order to sustain the verdict. *United States v. Allard*, 240 F.2d 840, 841 (3d Cir. 1957) (citing *Holland v. United States*, 348 U.S. 121, 75 S. Ct. 127, 99 L. Ed. 150, rehearing denied 348 U.S. 932, 75 S. Ct. 334, 99 L. Ed. 731 (1955)). An appellant who seeks to overturn a conviction on insufficiency of the evidence grounds bears "a very heavy burden." *United States v. Losada*, 674 F.2d 167, 173 (2d Cir. 1982).

■ As a threshold matter, we note that, when an appellate court reviews the sufficiency of the evidence, it must "consider all the evidence the [jury] had before it, including any evidence that is later determined to be inadmissible." *State v. Frazier*, 2001 SD 19, 622 N.W.2d 246, 261 (S.D. 2001). *See also Lockhart v. Nelson*, 488 U.S. 33, 40-42, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988). This is because "if the evidence were determined to be insufficient, it would be unfair to the People because other evidence might have been produced by the [prosecutor] at trial if the questioned evidence had been excluded there." *People v. Sisneros*, 44 Colo. App. 65, 606 P.2d 1317, 1319 (Colo. App. 1980) (citing *United States v. Mandel*, 591 F.2d 1347 (4th Cir. 1979)). Therefore, assuming without deciding that the certificate signed by Sergeant Brown should not have been admitted into evidence,[5] the sole remedy for the error would be a new trial — which Ambrose has already received on other grounds — and the certificate would not be excluded when considering the sufficiency of the evidence. *See United States v. McClain*, 377 F.3d 219, 222 (2d Cir. 2004) (holding a new trial is appropriate remedy if Confrontation Clause error was not harmless).

■ But even if we were to disregard the certificate, the People clearly introduced sufficient evidence that Ambrose was not authorized to possess a firearm. First, contrary to Ambrose's claim that Sergeant Felicien only testified that Ambrose did not have a license to possess a firearm on July 29, 2004, Sergeant Felicien testified at trial that he could "not find *any* record for [Ambrose] owning a firearm or [being] issued a permit by the Government of the Virgin Islands, St. Croix district." (J.A. 524 (emphasis added).) But even more significantly, the People introduced, through the testimony of Detective Fred Brathwaite, Ambrose's prior out-of-court statement that the gun belonged to his father and that he did not have a license to carry it. (J.A. 248-51.) Given Ambrose's admission that he did not have a license, sufficient evidence existed for the jury to find that Ambrose was not authorized to possess the weapon.[6] *See People v. White*,

---

[5] *See Gov't of the V.I. v. Gumbs*, 426 Fed. Appx. 90, 93-94 (3d Cir. 2011) (holding that admission of certificate stating that defendant is not licensed to carry a gun, without providing defendant with opportunity to confront the person who prepared the document, violates the Confrontation Clause).

[6] Although various statutory exceptions to the requirement that one possess a license in order to legally carry a firearm exist, *see, e.g.*, 23 V.I.C. § 453(a)(1) (member of armed forces),

75 A.D.3d 109, 901 N.Y.S.2d 346, 355 (N.Y. App. Div. 2010) (rejecting sufficiency of evidence challenge when defendant admitted to possessing unlicensed firearm). Therefore, Ambrose is not entitled to a judgment of acquittal on Count Two.

## III. CONCLUSION

Since Ambrose possessed advance notice of the fact that the People intended to obtain a conviction for third degree assault by proving that he had threatened Vidal with a gun, the amendment to Count One of the information did not have the effect of charging Ambrose with a new offense which he was not prepared to defend against at trial. Likewise, to the extent the Superior Court committed any constitutional error in its final jury instructions with respect to Count Two, Ambrose would, at best, only be entitled to a sentence reduction as a remedy, rather than a judgment of acquittal, because the additional language only represented a sentence enhancement rather than an element of the underlying offense. Finally, Ambrose's admission that he did not possess a license to carry a firearm provided sufficient evidence for the jury to convict Ambrose of Count Two. Accordingly, we hold that Ambrose is not entitled to an acquittal on either charge, and remand the matter for the new trial ordered in this Court's December 18, 2008 Opinion.

---

23 V.I.C. § 453(a)(2) (officers or employees of federal agency), 23 V.I.C. § 453(a)(5) (jail wardens), 23 V.I.C. § 460 (license to carry firearm in other state), it is well established that the absence of these statutory exceptions are not elements of the offense of unlawful firearm possession under section 2253(a) of title 14, but represent defenses that must be first asserted by the defendant. See United States v. McKie, 112 F.3d 626, 631, 36 V.I. 367 (3d Cir. 1997).