IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 05, 2023 05:24 PM
SX-2021-CR-00112
TAMARA CHARLES
CLERK OF THE COURT



IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS | | Case No. SX-21-CR-112 |
| | Plaintiff | Charge(s): |
| v. | | Unlawful Sexual Contact, First Degree 14 V.I.C. § 1708(a)(1) (4) Aggravated Assault and Battery 14 V.I.C. § 298 (5) Simple Assault and Battery 14 V.I.C. § 299 (1)(2) Selling or Serving Alcohol to Minors 14 V.I.C. § 485(b)(1)(2) |
| KEVIN MORAN | | |
| | Defendant | |

**Cite as: 2023 VI Super 14U**

**APPEARANCES:**

***Pamela Lynn Colon, Esq.,***
Attorney for Defendant Kevin Moran
#2155 King Cross Street, Suite 3
Christiansted, Virgin Islands 00820

***Patricia Pryor, Esq.,***
People of the Virgin Islands
Department of Justice
#213 Estate La Reine
Christiansted, Virgin Islands 00820

***Jomo Meade, Judge***

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

## MEMORANDUM OPINION DENYING MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

¶ 1.     **THIS MATTER** is before the Court on Defendant, Kevin Moran's (hereinafter "Moran") Motion for Judgment of Acquittal and Motion for a New Trial. The People have responded to the Motion for Judgment of Acquittal, and Moran has filed his reply to the People's response. After his conviction by a jury on July 22, 2022, for Simple Assault and Battery, Moran filed the two motions recounted above, asserting that his conviction violates his constitutional right to due process. The Court will address both motions in this decision.

### Factual and Procedural Background

¶ 2.     Moran was charged in an original Criminal Information[1] dated April 16, 2021, with Unlawful Sexual Contact First Degree, (Count One), Aggravated Assault and Battery, (Count Two), Simple Assault and Battery, (Count Three), and Selling or Serving Alcohol to Minors, (Count Four). The case came to trial on July 18, 2022. After discussions with the Parties, the Court Dismissed Count Two, Aggravated Assault and Battery, because the Virgin Islands Supreme Court has determined that the charging statute,

---

[1] The Information was amended to reflect the changes which occurred as a result of the charges that were dismissed by the Court. The case was submitted to the jury on a Fourth Amended Information.

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

14 V.I.C. § 298(5), was unconstitutional. *Webster v. People of the Virgin Islands*, 60 VI. 666 (V.I. 2014). At the end of the People's case, Moran moved for a judgment of acquittal pursuant to *V.I.R.Cr.P., Rule 29.* The Court granted the motion with respect to Count Four, Serving or Selling Alcohol to Minors. The remaining Counts of the Fourth Amended Information, Unlawful Sexual Contact First Degree and Simple Assault and Battery were submitted to the jury. On July 22, 2022, the jury returned a verdict acquitting Moran of the charge in Count One, Unlawful Sexual Contact, First Degree and convicting him of the charge in Count Two, Simple Assault and Battery.

¶ 3.     After his conviction, Moran filed a Motion for Judgment of Acquittal on the premise that that Title 14 V.I.C § 299, the statute under which he was charged and convicted is vague; and a Motion for a New Trial asserting that the Court failed to properly instruct the jury on the statutory elements of the crime.

**The Legal Standard**

**A. Judgment of Acquittal**

¶ 4.     "[T]he void for vagueness doctrine requires that a penial statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement". *Kolender v. Lawson,*

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

461 U.S. 352, 357 (1983). The claim that a statute is unconstitutional for vagueness is rooted in the Due Process Clauses of the Fifth and Fourteenth Amendments. *Johnson v. United States*, 596 U.S. 591, 595 (2015). The challenge to a statute for vagueness raises the issue of whether a criminal statute, which regulates peoples' lives, is sufficiently definite to give fair notice of what conduct it proscribes or requires. The requirement of definiteness also restrains arbitrary and discriminatory enforcement. The vagueness challenge to a statute may contend that the statute is vague on its face or vague as applied. A challenge that a statute is facially vague or overbroad is permissible only where the statute reaches constitutionally protected conduct such as first amendment rights. *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 505 (1982). However, a facial vagueness challenge to a statue which does not reach constitutionally protected conduct may nevertheless be permissible if the challenge demonstrates that the statue is "impermissibly vague in all its applications". *Id* at 497. Otherwise, a defendant who claims that a statute is vague as applied, must demonstrate that the statute, as applied to the defendant, deprived the defendant of adequate notice of what conduct the statute proscribed or that the defendant was subjected to arbitrary and discriminatory enforcement. *United States v. Powell*, 423 U.S. 87, 92 (1975) (holding that vagueness challenges which do not involve First

4

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

Amendment freedoms must be examined in the light of the facts of the case at hand). It follows that a defendant's challenge, which alleges that a statute is vague as applied, cannot be sustained on the claim that the statute is vague as it applies to some other individual or some other incident or circumstance. *Hoffman Estates* at 494. Therefore, Moran must show that the statute is vague as it applies to the facts and circumstances of his case.

## B. Motion for a New Trial

¶ 5.     A court may grant a new trial in the interest of justice. *V.I. R. Cr. P. Rule 33(a)*. The decision to grant or deny a motion for a new trial based on a challenge to the jury instructions is within the discretion of the trial court. *Burke v. People of the V.I.*, 60 V.I. 257, 264 (V.I. 2013)(citing *Phillips v. People*, 51 V.I. 258, 269 (V.I. 2009)). "[T]he validity of a challenge to jury instructions must be considered against the complete jury instructions and the whole trial record". *Nanton v. People of the Virgin Islands*, 52 V.I. 466, 479 (V.I. 2009). "[A] jury instruction will generally not be invalidated unless it is shown that the instruction substantially and adversely impacted the constitutional rights of the defendant and impacted the outcome of the trial". *Freeman v. People of the V.I.*, 61 V.I 537, 544 (V.I. 2014). Therefore, the Court must determine whether there is an error in the jury instructions which affects substantial rights since absence of such

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

effect will not constitute grounds for reversal. *Fahie v. People of the V.I.*, 62 V.I. 625, 638 (V.I. 2015). "[I]f the instructions mislead the jury or leave the jury to speculate as to the essential point of law, the error is sufficiently fundamental to warrant a new trial". *Nanton*, at 483 (citing *Montgomery v. Noga*, 168 F. 3d. 1282, 1294 (11th Cir. 1999)). Even if there is error in the instructions but the error did not contribute to the verdict, the error is harmless and would not have prejudiced the defendant. *Rodriguez v. People of the Virgin Islands*, 71 V.I. 577, 624 (V.I. 2019). Jury instructions which may adversely impact on constitutional rights warranting a new trial would include instructions which: (1) improperly instruct the jury on the presumption of innocence or the governments burden of proof, *Frett v. People of the Virgin Islands*, 66 V.I. 399, 419 (V.I. 2017); (2) mislead the jury or are inadequate to guide the jury's deliberation, *Wallace v. People of the V.I.*, 71 V.I. 703, 719 (V.I. 2019; (3) omit an essential element of the crime, *Nanton* at 479; (4) invade the task assigned solely to the jury as the factfinder. *Francis v. People of the V.I.*, 52 V.I. 381, 405 (V.I. 2009).

### DISCUSSION

### I.    MOTION FOR JUDGMENT OF ACQUITTAL

¶ 6.    Before the Court determines whether Title 14 V.I.C. § 299 is unconstitutional, the Court must decide whether Moran has standing to bring the challenge. *McIntosh v. People of the V.I.*, 57 V.I. 669, 687 (V.I.

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

2012). To determine standing, the Court must examine the specific allegations against Moran and determine whether the statute is vague as applied to those allegations. *Id.* That is, the Court must first determine whether Moran's conduct falls within the bounds of what Title 14 V.I.C. § 299 clearly prohibits. *LeBlanc v. People of the V.I.*, 56 V.I. 536, 542 (V.I.2012).

Section 299 of Title 14 of the Virgin Islands Code Provides as follows:

Whoever commits—

**(1)** a simple assault; or

**(2)** an assault or battery unattended with circumstances of aggravation— shall be fined not more than $250 or imprisoned not more than six months, or both the imprisoned and fined.

The language of Count Two of the Fourth Amended Information charging the criminal conduct alleged that:

**KEVIN MORAN** did assault and batter K.B., a minor by grabbing her with his hands about her lower body and pushing her into a wall, in violation of Title 14 V.I.C. § 299 (a) and (b) (**SIMPLE ASSAULT AND BATTERY**).

¶ 7.     In his claim for relief, Moran does not present a sufficient factual basis or legal authority to show that he has standing to challenge the statute as unconstitutionally vague. That is, he fails to show that his conduct, as alleged, does not fall within the bounds of what the statute prohibits. An assault is the attempt to commit a battery or the making of

7

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

a threatening gesture coupled with the ability and intent to commit a battery. Ambrose v. People of the Virgin Islands, 56 V.I. 99 (2012); V.I. Code Ann. Tit. 14 § 291. A battery is the use of force against another resulting in an offensive or harmful contact. BLACKS LAW DICTIONARY 9TH Ed. (2009). The crime of assault and battery is the unlawful use of violence upon the person of another with the intent to cause injury regardless of the means or degree of violence that is used. V.I. Code Ann. Tit. 14 § 292. Moran admits in his motion that he "touched KB in in three different places for 5 seconds". He contends, however, that the touches do not constitute offensive or harmful physical contact. He further contends that the touches do not constitute the measure of force or degree of harm that the statute prohibits. The evidence adduced at trial contradicts Moran's contentions. K.B. testified that upon grabbing her, Moran pushed her against the wall and that she was severely distressed and traumatized from this encounter with him.

¶ 8.     It is objectively evident, based on the commonly understood meaning of these terms, that grabbing K.B. and pushing her against a wall implicates the use of some measure of force, aggression or even violence. There is no evidence that Moran engaged in this conduct for a lawful reason. He cannot now argue that his conduct does not fall within the bounds of what the statute prohibits because the statute failed to specify

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

the measure of force, the degree of violence, the length or offensiveness of the physical contact or the type and seriousness of injury that would constitute an assault and battery. Due process does not require a criminal statute to provide an itemized list of actions with distinctly defined degrees of conduct that it prohibits. *Freeman*, 61 V.I. at 546. Since Moran took it upon himself to touch K.B. without a lawful reason for doing so, he assumed the risk that the resulting physical contact violated the law. It is "not unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk and bear the penalties for crossing the line". *Boyce Motor Lines Inc. v. United States*, 342 U.S. 337, 340 (1952); This Court finds that Moran's conduct falls clearly within the bounds of what Title 14 V.I.C. § 299 proscribes. Therefore, he lacks standing to challenge the statute as unconstitutionally vague.

¶ 9.     Even if Moran has standing to challenge the statute, his vagueness challenge would nevertheless fail. As recounted above, a criminal statute is constitutionally vague if it fails to give people of ordinary intelligence fair warning and notice of what conduct is prohibited or permits arbitrary and discriminatory enforcement. *Beckles v. United States*, 580 U.S. 256, 262 (2017). Moran argues that the statute does not give him fair notice of the conduct it prohibits because it does not adequately define certain key terms, such as "force", "violence" and "battery" which make up the

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

elements of the charge. He further argues that the statute is vague because the Court, during the jury instructions conference, had difficulty in formulating the jury instructions for that charge. These claims are insufficient to support a vagueness challenge. A constitutional challenge to a statute for facial vagueness must show that the terminology the statute uses is so vague that people of ordinary intelligence will have to guess at its meaning. *City of Chi v Morales*, 527 U.S. 41, 58 (1999). This Court finds that the challenged statute is sufficiently clear or definite to provide adequate and fair notice of what conduct is prohibited or required.

¶ 10.    A statute is sufficiently definite for purposes of due process if its meaning can be fairly ascertained "by reference to judicial interpretations, the common law, dictionaries, treatises, or commonly accepted meaning of words". *Associated Builders & Contractors v. Dir., Dept of Consumers*, 705 N.W. 2d 509, 517 (Mich. 2005). Therefore, even if the statute does not define certain term, their meanings can be gathered from alternative sources.

¶ 11.    "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is". *United States v. Williams*, 553 U.S. 285, 306 (2008). Moran does not present, a sufficient basis for the Court to find that the

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

terms of the statute which describe the criminal conduct are ambiguous or that any of the terms relating to the elements of the offense are undefined.

¶ 12.     The terms assault, battery, force and other terms used to describe the offending conduct are words of ordinary meaning which are defined by various sources including judicial decisions, dictionaries, and the common law. People of ordinary intelligence can understand the meaning of these terms by their common usage. They are not terms which have ambiguous or double meanings so as to make them indeterminable as to whether a particular set of facts constitute the prohibited conduct. Their plain and ordinary meaning do not need further technical explanation. In fact, the simple straightforward meaning of these terms makes it clear that ordinary people can understand what conduct they are meant to prevent.

¶ 13.     Moreover, Moran's assertion that the difficulty in framing jury instructions indicates that the statute is vague is without merit. "The purpose of jury instructions is to inform the jury on the law and to provide guidance and assistance in reaching its verdict. *Crowell v. Ritz Carlton Hotel*, 2013 U.S. Dist. LEXIS 202683, *4 (D.V.I. 2013). (citing *Dembowski v. N.J. Transit Rail Operations, Inc.*, 221 F. Supp. 2d 504, 512 (D.N.J. 2002)). Through the instructions, the jury can appreciate the value and effect of the evidence in the context of the law. "The scope and wording of

11

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

jury instructions are within the sound discretion of the trial judge so long as the charge as a whole conveys to the jury a clear and correct understanding of the applicable law and the manner in which it is to be applied to the facts as the jury finds them". *Id.* (citing *Poole v. Ford Motor Co.* 17 V.I. 354 357(D.V.I. 1980)). A statute is not required to distinctly list and describe with specificity the types of conduct which it prohibits in order to provide adequate notice. *Freeman* 61 V.I. at 546. Likewise, the Court finds that in instructing the jury, it is not required to provide all possible variations or connotations of the meaning of the terms or language of the statute but only such meaning as related to the facts of the case. The Court applied the ordinary meaning of the terms and language of the statute to formulate the jury instructions. In this case the jury was required to decide whether there was intentional, unlawful, offensive and or harmful physical contact with the person of the victim. The verdict indicates that it made its decision. Moran's objection to the instructions, particularly without showing that the instructions were clearly erroneous or misled the jury, does not make the statute unconstitutionally vague. The statute is sufficiently definite as long as the general area of conduct against which the statute is directed is made plain.

## II.   MOTION FOR A NEW TRIAL

12

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

¶ 14.     Based on his Motion for a New Trial, Moran assigns four claims of error to the jury instructions. First, he claims that the Court improperly instructed the jury on the definition of the terms, "battery" and "violence" in relation to Title 14 V.I.C. § 299 (1) and (2). Second, that the instructions are legally incorrect because the terms, "battery" and "violence" were not properly defined. Third, that the Court's instructions to the jury in relation to Count Two of the Fourth Amended Information failed to set out the elements of the offense. Fourth, the jury instructions were in contradiction to the Court's ruling that the instructions should track the language of the statute. Moran does not clearly state how the claimed errors adversely affected his constitutional rights or impacted the outcome of the trial. Freeman at 544. Neither does he show how the claimed errors affected the fairness, integrity, or reputation of the judicial proceedings. Monelle v. People of the V.I., 63 V.I. 757, 763 (V.I. 2015).

¶ 15.     Moran's first and second claims of error have been addressed by the Court's discussion recounted above. The third and fourth claims of error will be addressed below. As to the third claim of error, Moran's assertion that the Court failed to instruct the jury on the elements of the offense is erroneous. As referenced above, Title 14 V.I.C. 299 (1) and (2) states as follows:

Whoever commits—

13

**(1)** a simple assault; or

**(2)** an assault or battery unattended with circumstances of aggravation—shall be fined not more than $250 or imprisoned not more than six months, or both the imprisoned and fined.

The Court's instruction to the jury on the elements of the crime states

the following:

## COUNT TWO: SIMPLE ASSAULT AND BATTERY

¶ 16.     The Defendant is charged in Court Two of the Fourth Amended

Information with the crime of Simple Assault and Battery, in violation of

Title 14, Section 299(1) and (2) of the Virgin Islands Code.

Under this provision of the Virgin Islands Code, the offense of Simple Assault and Battery is committed when a person uses an unlawful violence upon the person of another with the intent to injure the other without circumstances of aggravation.

Before you may find the defendant guilty of Simple Assault and Battery, you must find that the People have proven each of the following essential elements beyond a reasonable doubt:

1) That Defendant perpetrated an act of simple assault upon the person of Kara Barton; or

2) That the Defendant committed an act of assault or battery upon the person of Kara Barton.

3) That the act was unattended by circumstances of aggravation.

4)  That the offense took place on or about December 11, 2020, in the judicial district of St. Croix, U.S. Virgin Islands.

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

If you find that the People have failed to prove any element beyond a reasonable doubt, you must find the Defendant not guilty. If you decide that the People have proven each element beyond a reasonable doubt you must find the Defendant guilty.

The Court's additional instructions to the jury included the following

definitions as related to Count Two:

## "AGGRAVATION"

"Aggravation" means factors or circumstances which make the criminal conduct worse or more serious.

*Source: Gilbert v. People of the Virgin Islands, 52 VI 350 (VI 2009)*

## "BATTERY" - DEFINED

"Battery" is the use of force against the person of another resulting in harmful or offensive contact.

*Source: BLACKS LAW DICTIONARY 9TH Ed. (2009)*

## "ASSAULT" — DEFINED

An "Assault" is the attempt to commit a battery or the making of a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery.

*Source: Ambrose v. people of the Virgin Islands, 56 V.I. 99 (2012); Title 14 V.I.C. § 291 (1921).*

## "ASSAULT AND BATTERY" — DEFINED

"Assault and Battery" is the unlawful use of violence upon the person of another with the intent to cause injury regardless of the means or degree of violence that is used.

*Source: Title 14 V.I.C. § 292 (1921)*

## "FORCE" — DEFINED

"Force" is defined as the power, violence or pressure directed against a person and includes physical restraint.

*Source: Rodriguez v. People of the Virgin Islands, 71 V.I. 577, 628(V.I. 2019).*

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

### "VIOLENCE" - DEFINED

"Violence" means the use of physical force unlawfully exercised with the intent to harm.

*Source: BLACKS LAW DICTIONARY, 9TH Ed. (2009)*

¶ 17. As shown above the Court clearly outlined the elements of the offense to the jury and explained the law that the jury should apply to facts in order to determine whether the People met their burden. The instructions are designed to leave the jury with a clear understanding of how the evidence applies to the law.

¶ 18. Taken as a whole, the Court's instructions defined the terms that are relevant to the jury's understanding of the law and the facts as they apply. They were adequate to inform the jury of the elements of the crime and how the evidence should apply to the law in the determination of the verdict. Moran's claims of undefined, legally incorrect terms, improper instructions on the elements of the crime and failure to track the language of the statute are all without merit. Moran has not shown any error in the instructions which would result in an adverse impact on his constitutional rights or undermine the fairness, integrity or reputation of the Court in the criminal proceedings. That is, Moran has not shown any errors which amount to: (1) an omission of an essential element of the crime, (2) an instruction that misled or confused the jury in its deliberation, (3) an

16

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

instruction that undermined his presumption of innocence, (4) an instruction that shifted the burden of proof from the prosecution or (5) an instruction that invaded the role of the jury as the sole judge of the facts. Finally, as it concerns the Moran's fourth claim of error, the instructions clearly tracked the language of the statute.

**CONCLUSION**

¶ 19.    A challenge to a statute on the premise that it is unconstitutionally vague is based on the general principle that criminal statutes must be definite in order to be valid. Definiteness requires that the language of the statute clearly conveys notice of the conduct that is prohibited in a manner that people of ordinary intelligence can understand.  Jury Instructions must be examined in the context of their ability to fulfill the purpose for which they are provided. In considering the validity of jury instructions, the issue is whether, in the context of the entire instructions, there is a reasonable possibility that the instructions are erroneous and that the erroneous instructions misled the jury into improperly applying the legal standard. This Court finds that Moran's conduct falls within that which Title 14 V.I.C. § 299 prohibits and therefore he lacks standing. Additionally, this Court finds no error in the instructions given to the jury which warrants a new trial. Accordingly, the Motion for Judgment of

People of the Virgin Islands
v. Kevin Moran
SX-21-CR-112
MEMORANDUM OPINION DENYING
MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL

2023 VI Super 14U

Acquittal and Motion for a New Trial are **DENIED**. *A corresponding Order*

*is attached.*

**DONE AND SO ORDERED** this 5th day of April 2023.

_____
**HONORABLE JOMO MEADE**
Judge of the Superior Court

**ATTEST:**

TAMARA CHARLES
CLERK OF COURT

_____
COURT CLERK
DATED: 04/05/2023

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

PEOPLE OF THE VIRGIN ISLANDS,

Plaintiff,

v.

KEVIN MORAN,

Defendant.

Case No. SX-21-CR-112

Charge(s):

Unlawful Sexual Contact, First Degree
14 V.I.C. § 1708(a)(1) (4)
Aggravated Assault and Battery
14 V.I.C. § 298 (5)
Simple Assault and Battery
14 V.I.C. § 299 (1)(2)
Selling or Serving Alcohol to Minors
14 V.I.C. § 485(b)(1)(2)

## ORDER

**THIS MATTER** is before the Court on Defendant, Kevin Moran's (hereinafter "Moran") Motion for Judgment of Acquittal and Motion for a New Trial. Consistent with the attached Memorandum it is hereby,

**ORDERED** that Moran's Motion for Judgment of Acquittal and Motion for New Trial are **DENIED**; and it is further,

**ORDERED** that Moran shall immediately report to Office of Probation to be interviewed in preparation for a pre-sentence report.

**DONE AND SO ORDERED** this _6th_ day of April 2023.

_____
**HONORABLE JOMO MEADE**
Judge of the Superior Court

**ATTEST:**

TAMARA CHARLES
CLERK OF COURT

_____
COURT CLERK

DATED: ___04/05/2023